Teresa M. Shill, OSB #031680
E-Mail: tshill@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 977-7926
Fax: (503) 977-7963
Attorney for Defendants Northwest Trustee Services, Inc.,
and Routh Crabtree Olsen, P.C.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| B. CAROL GLOVER, | Case No. 11-210 HU |
| Plaintiff, | |
| v. | DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC. AND ROUTH CRABTREE OLSEN, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT |
| WACHOVIA EQUITY SERVICING LLC; NORTHWEST TRUSTEE SERVICES, INC.; WELLS FARGO HOME MORTGAGE; and ROUTH CRABTREE OLSEN, P.C., | |
| Defendants. | |

1.

Defendants Northwest Trustee Services, Inc. ("NWTS") and Routh Crabtree Olsen, P.C.

("RCO") by and through its counsel, Routh Crabtree Olsen, P.C. and Teresa M. Shill,

respectfully move this Court for dismissal of Plaintiff's claims against NWTS and RCO for

failure to state any claims upon which relief can be granted pursuant to FRCP 12(b)(6), FRCP 8,

the doctrine of claim preclusion, claim preclusion by privity; lack of justiciable controversy and

mootness.

2.

The Motion and this Memorandum are supported by the declaration of Teresa M. Shill, attorney, Routh Crabtree Olsen, P.C. (the "Shill Decl.") and the Exhibits ("Ex.") filed concurrently with the Shill Decl..

3.

November 1997, plaintiff, B. Carol Glover  ("Plaintiff") obtained a mortgage loan and granted a trust deed for the benefit of the lender, Americredit Corporation of California, thereby securing repayment of a mortgage loan with the Property commonly known as 26736 NW Williams Canyon Road, Gaston, Oregon 97119 (the "Property").  The trust deed was recorded in the county real property records +on November 10, 1997, as Fee No. 199718923 ("Deed of Trust").  Plaintiff defaulted under the terms of the Deed of Trust.  Foreclosure commenced. Thereafter, Plaintiff undertook the filing of a series of Chapter 13 Bankruptcies, utilizing the bankruptcy automatic stay to stop scheduled foreclosure sales.  Ultimately the bankruptcy court entered a prospective order for bad faith filings against Plaintiff, baring Plaintiff from further bankruptcy filings for a period of two years.

4.

In 2003, the prospective order baring her use of the automatic stay, Plaintiff filed her first state court action against the mortgagee, loan servicer, and successor trustee of the Deed of Trust, for breach of contract, declaratory, and injunctive relief to stop the foreclosure sale.  The mortgage loan defendants prevailed against Plaintiff on their motion for summary judgment based on the doctrine of judicial estoppel, as applied to the five prior Chapter 13 Bankruptcies. Plaintiff appealed that decision.  The Oregon court of appeals issued its opinion *Glover v. The Bank of New York*, 208 Or.App. 545, 547; 147 P.3d 336, 337 (2006), affirming the lower court

application of judicial estoppel as to Plaintiff's first claim for relief, but reversing and remanding as to her second claim for relief. Trial was held on Plaintiff's second claim for declaratory and injunctive relief. The mortgage loan defendants prevailed at trial. Plaintiff appealed that decision and the court of appeals affirmed without opinion. Foreclosure recommenced.

5.

The prospective order having expired, Plaintiff undertook yet another series of Chapter 13 bankruptcies filings, and filed her second state court action against the mortgage loan defendants adding NWTS who was then the current successor and foreclosing trustee of the Deed of Trust, and Wachovia Equity Servicing LLC, successor by merger to HomEq Servicing Corporation (Successor by merger to TMS Mortgage Inc., DBA The Money Store) (hereinafter "Wachovia") who was the current beneficiary of the Deed of Trust. Judgment was entered in favor of the mortgage loan defendants and Wachovia, and NWTS on summary judgment. Plaintiff appealed the judgment in favor of the mortgage loan defendants and Wachovia. The court of appeals affirmed without opinion. Another prospective order was entered against Plaintiff in the United States Bankruptcy Court baring her from further filings for a period of five years. NWTS completed the foreclosure, and the Property reverted to Wachovia. Wachovia commenced an eviction. Judgment of restitution was entered against Plaintiff. Plaintiff appealed. Judgment was affirmed, and Plaintiff has petitioned for review by the Oregon Supreme Court. That petition for review is pending.

6.

Plaintiff now brings her complaint in district court, the last remaining court she has not yet wore out her welcome in.

//

Page 3 – MOTION TO DISMISS COMPLAINT

## UNDISPUTED FACTS:

7.

DEED OF TRUST AND ASSIGNMENTS:  In November 1997, Plaintiff granted a trust deed for the benefit of Americredit Corporation of California, securing repayment of a mortgage loan with the Property.  The Deed of Trust was recorded on November 10, 1997, as Fee No. 199718923, and was assigned to The Money Store by Assignment of Deed of Trust recorded March 27, 1998, as Fee No. 199805444.  Thereafter the Deed of Trust was assigned to Bank of New York a Trustee Under the Pooling and Servicing Agreement Dated as of February 28, 1998, Series 1998-A ("BONY"), by the Corporation Assignment of Trust Deed recorded April 5, 1999, as Fee No. 19906924, and lastly, the Deed of Trust was assigned to Wachovia by Assignment of Deed of Trust recorded February 26, 2008, as Fee No. 200803222 (collectively the "Assignments")  The Deed of Trust and the Assignments are part of the Yamhill County public real property records (*See* true copies at Ex. A and B, respectively).

8.

MULTIPLE (5) BANKRUPTCIES:  Plaintiff defaulted under the terms of the Deed of Trust, foreclosure commenced, and Plaintiff undertook the filing of five serial Chapter 13 Bankruptcies as follows: 1) on August 18, 1999, Case No. 99-36287;  2) March 3, 2000, Case No. 0031500;  3) May 25, 2001, Case No. 01-35166;  4) May 15, 2002, Case No. 02-35185; and 5) October 10, 2002, Case No. 02-40959.  Each of these bankruptcies were filed within days of a scheduled foreclosure sale of the Property, dismissed after relief of the automatic stay was granted, or the bankruptcies were otherwise not useful to Plaintiff.  In the fourth case, Case No. 02-35185, the court issued an order to show cause why the case should not be dismissed or converted to a Chapter 7, and after a hearing, the court dismissed the bankruptcy, barring

Plaintiff from further filings in the bankruptcy court for a period of two years (the "Prospective Order"). The issuance of the Prospective Order was based on the finding of bad faith pursuant to *In re Leavitt*, 171, F.3d 1219 (9th Cir. 1999). Thereafter, Plaintiff filed the fifth bankruptcy, Case No. 02-40959, on behalf of her incapacitated husband. That case too was dismissed. A more detailed discussion of the bankruptcy cases, their purposes, and affect, can be found in Oregon Court of Appeals decision, *Glover v. The Bank of New York*, 208 Or.App. 545, 547; 147 P.3d 336, 337 (2006) ("*Glover v. BONY*") (*See* a true copy at Ex. C).

9.

STATE COURT ACTION:  After the Prospective Order was entered against Plaintiff prohibiting her from further bankruptcy filings for a period of two years, Plaintiff filed a complaint in the Yamhill County Circuit Court, Case No CV030173 ("First State Court Action") for Breach of Contract, Declaratory Relief, Injunction, Attorney Fees & Costs (*See* a true copy of the Complaint at Ex. D, and the court's docket as Ex. E). RCO was counsel of record in the First State Court Action for defendants BONY, who was then the current beneficiary of the Deed of Trust, and HomEq Servicing Corporation ("HomEq"), the mortgage loan servicer.

10.

BONY and HomEq prevailed against Plaintiff in the First State Court Action, on summary judgment based on the doctrine of judicial estoppel as applied to the five prior Chapter 13 Bankruptcies. BONY and HomEq were also awarded discovery sanctions against Plaintiff. Plaintiff appealed from those decisions, Case No. A127962, resulting in the appellate court decision *Glover v. BONY* (*See* Ex. C). The court of appeals affirmed the award of sanctions and judicial estoppel as applied to Plaintiff's first claim for relief for breach of contract, but reversed and remanded Plaintiff's second claim for declaratory and injunctive relief. Plaintiff filed a

petition for review to the Oregon Supreme Court which was denied, Case No. S054344.

11.

Thereafter, trial was scheduled in the First State Court Action.  The matter was tried to the bench, and judgment was entered in favor of BONY and HomEq (*See* a true copy of the General Judgment at Ex. F).  Plaintiff appealed.  The court of appeals, Case No. A137762, affirmed the lower court's decision without opinion.

12.

There being no further impediment to foreclosure, the successor trustee, defendant NWTS herein, commenced foreclosure against the Property.  The Notice of Default and Election to Sell ("NODES"), indicating Plaintiff was due and owing for the January 1, 1999 mortgage payment and each and every payment thereafter due and not paid, was recorded on February 26, 2008, as Fee No. 200803224, and set the sale of the Property for June 30, 2008 (*See* a true copy of the NODES at Ex. G).

13.

BANKRUPTCY No. 6:  On June 27, 2008, two days before the foreclosure sale, Plaintiff filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 08-33163.  That bankruptcy was dismissed on August 18, 2008, for Plaintiff's failure to file documents as ordered by the court (*See* true copy of docket, Case No. 08-33163, at Ex. H).  Thereafter foreclosure recommenced, and sale was set for October 17, 2008.

14.

SECOND STATE COURT ACTION:  On June 27, 2008, the same day Plaintiff filed the bankruptcy described above in ¶ 13, she filed a complaint in the Yamhill County Circuit Court, Case No. CV080288 ("Second State Court Action"), naming as defendants the prior mortgage

loan defendants, and adding NWTS and Wachovia  (*See* true copies of the Second State Court

Action Complaint, and court's docket at Ex(s). I and J, respectively).  RCO was counsel of

record for NWTS, in the Second State Court Action

15.

SECOND STATE COURT ACTION DISMISSED:  Plaintiff brought claims for breach

and conversion under contract; cancellation (return of Note and Deed); trust property into its

product; RICO; and criminal wrongdoing against NWTS in the Second State Court Action.  On

August 18, 2008, attorneys of record, RCO, filed a motion to dismiss Plaintiff's complaint on

behalf of NWTS.  Robert Dougherty, attorney of record for Wachovia and the other mortgage

loan defendants also filed their motions to dismiss Plaintiff's Second State Court Action.  Those

motions were granted and the case dismissed.  Plaintiff appealed the judgment entered in favor of

Wachovia and the mortgage loan defendants to the Oregon Court of Appeals, Case No.

A137762.  The court of appeals affirmed without opinion.

16.

BANKRUPTCY No. 7:  On October 17, 2008, Plaintiff filed for protection under Chapter

13 of the United States Bankruptcy Code, Case No. 08-35558.  Wachovia moved for relief of the

bankruptcy stay.  The order for relief was entered on November 24, 2008.  Thereafter, Plaintiff

moved to dismiss the bankruptcy (*See* true copy of docket, Case No.  08-3558, Ex. K).   The

case was dismissed on December 4, 2008. Thereafter foreclosure recommenced, and sale of the

Property set for January 16, 2009.

17.

BANKRUPTCY No. 8:  On January 16, 2009, Plaintiff again filed for protection under

Chapter 13 of the United States Bankruptcy Code, Case No. 09-30250.  Pursuant to 11 U.S.C. §

362(c)(4)(A)(i), this being Plaintiff's third bankruptcy following two prior dismissed cases within one years time, no automatic stay was in effect, and NWTS conducted the foreclosure sale that same day, January 16, 2009, at 10:00 AM. The Property reverted to Wachovia. The Trustee's Deed, recorded on January 21, 2009, as Fee No 200900800 (*See* true copy of Trustee's Deed at Ex. L). On January 21, 2009, an Order to Show Cause why the bankruptcy case should not be dismissed or converted was entered in the bankruptcy court's docket, setting the hearing to show cause for March 12, 2009. On February 13, 2009, prior to that scheduled hearing, an order was entered into the bankruptcy court's docket confirming that no bankruptcy stay was in effect, and Plaintiff moved to dismiss the bankruptcy (*See* true copy of docket, Case No 0930250 at Ex. M).

18.

EVICTION: On February 19, 2009, Wachovia, by and through its attorneys of record RCO, filed its Forcible Entry and Detainer action against Plaintiff to evict her from the Property (the "FED"), Yamhill County Circuit Court Case No. CV90078 (*See* true copy of docket, Case No. CV90078 at Ex. N). Plaintiff appeared and filed her answer. Wachovia filed its motion for summary judgment and the Honorable Carroll J. Tichnor granted Wachovia's motion after hearing, signing the Order Granting Summary Judgment and General Judgment of Restitution of the Property on August 6, 2009 (*See* true copies of the Order and General Judgment at Ex. O, and Transcript of the July 13, 2009 Summary Judgment hearing at Ex. P). Plaintiff appealed that decision, and on October 27, 2010, the Oregon Court of Appeals, Case No. A143034, affirmed the lower court's decision without opinion. Thereafter, Plaintiff filed her petition for review to the Oregon Supreme Court, Case No S059096, which is under consideration.

//

19.

BANKRUPTCY No. 9:  On April 22, 2010, Plaintiff again filed for protection under

Chapter 13 of the United States Bankruptcy Code, Case No. 10-33473.  That case was dismissed,

the court finding at the June 2010 show cause hearing that Plaintiff had used the bankruptcy

system to frustrate her creditor's actions, and a prospective order entered against Plaintiff barring

her from further bankruptcy filings until June 8, 2015 (*See* true copies of court's docket, Case

No. 10-33473, and Transcript of the June 2, 2010 show cause hearing at Ex(s). Q and R,

respectively).

20.

On or about February 18, 2011, Plaintiff filed the above entitled action.  She brings her

complaint for declaratory judgment and injunctive relief in part against the same defendants as in

the past proceedings, including Wachovia and NWTS, and has named their attorney in those past

proceedings, RCO.

## MEMORANDUM OF LAW, POINTS, AND AUTHORITIES.

21.

STANDARD FOR FRCP 12(b)(6) MOTION TO DISMISS:  A complaint must e

dismissed when it fails to state a claim upon which relief can be granted. FRCP 12(b)(6).  Upon a

motion to dismiss, the court must review the sufficiency of the complaint. *Shuer v. Rhodes,* 416

U.S. 232, 236 (1974).  In *Twombly*, 550 U.S. at 570, the Supreme Court held that a court must

dismiss a complaint when a plaintiff has not pleaded "enough facts to state a claim to relief that

is plausible on its face.  The working principles as cited in *Twombly* are as follows; 1) a short

plaint statement of the claim showing the pleader is entitled to relief; 2) the complaint must state

a claim with enough factual matter (taken as true) to establish the relief requested, and requires

more that labels, conclusions, and formulaic recitations of the elements of a cause of action; 3) factual allegations must be enough to raise a right to relief above the speculative level, and that a well plead complaint can proceed even if recovery is remote or unlikely. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (U.S. 2007) *citing Conley v. Gibson*, 355 U.S. 41 (1957); *Papasan v. Allain*, 478 U.S. 265 (1986); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) and *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

22.

## MOTION 1.  PLAINTIFF'S ACTION FAILS UNDER FRCP 8

Pursuant to FRCP 8, a pleading setting forth a claim, or claims for relief must therein contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Under FRCP 8(d), the allegations within Plaintiff's Complaint must be simple, concise, and direct. Plaintiff's Complaint herein fails to state a short and plain statement of the claims, showing that Plaintiff is entitled to the relief requested. Plaintiff's Complaint does not comply with FRCP 8 and should be struck in it's entirely and this case dismissed, or in the alternative Plaintiff be ordered to amend the Complaint to state a claim.

23.

## MOTION 2:   NWTS SHOULD BE DISMISSED UNDER THE DOCTRINE OF CLAIM PRECLUSION AND UNDER ORS 86.790:

Plaintiff's claims against NWTS are not clearly defined or set out within the Complaint in plain direct statements. It is difficult to ascertain exactly what facts and claims Plaintiff alleges

against NWTS.  Plaintiff states one request for relief as to NWTS as follows:

> A constructive trust against Defendant Northwest Trustee Services for its role in foreclosures on these properties, particularly Jeff Stenman.

(*See* Complaint, P. 2, ¶ C), but states no facts to support such relief.  Plaintiff alleges she wants her rights declared, but fails to identify under what or why.  She requests relief to quiet title, but cites no facts to support the status of title to what property, and why it is in dispute. (*See* Complaint, P. 2).   Even should Plaintiff replead to include sufficient facts to state a claim against NWTS, Plaintiff's claims are barred  under the doctrine of claim preclusion and ORS 86.790(4).

24.

ORS 86.790(4):  ORS 86.790(4) states in part that "a trustee or successor trustee is neither a necessary nor a proper party to any proceeding to determine title to he property subject to the trust deed."  Therefore, Plaintiff's claim to quiet title should be dismissed as to NWTS.

25.

CLAIM PRECLUSION:  It is settled law that 28 U.S.C.S. § 1738 generally requires federal courts to give state court judgments the same preclusive effects that they would be given by another court of that state.  *Brodheim v. Cry*, 584 F3d 1262 (Ca. 2009); *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) *citing Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 84 (1984).  Plaintiff named, and brought claims for breach and conversion under contract; cancellation (return of Note and Deed); trust property into its product; RICO; and criminal wrongdoing against defendant NWTS in her Second State Court Action.  Plaintiff now brings claims, or requests relief, including a claim for constructive trust against NWTS.  The subject matter of Plaintiff's Complaint appears to be the same prior subject matter in her First and Second State Court Actions, and bankruptcy filings, including the Property, Note, Deed of Trust,

and Foreclosures

26.

The purpose of claim preclusion is to protect litigants from multiple and harassing lawsuits over the same claims. "The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent." *Lincoln Loan Co. v. City of Portland*, 340 Ore. 613; 136 P.3d 1 (2006), (citing *Rennie v. Freeway Transport*, 294 Ore. 319, 323; 656 P.2d 919 (1982)). Claim preclusion applies and bars a future action where a litigant has prosecuted an action against a party through to final judgment, binding on all the parties. The litigant is then barred on *res judicata* grounds from (1) prosecuting another action against the same party where the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (2) the litigant seeks a remedy additional or alternative to the one sought earlier; and (3) the claims are of such a nature as could have been joined in the first action." *Lincoln Loan Co.*, 136 P.3d at 618. The well settled principle of claim preclusion is that a party who has litigated a claim against another is foreclosed "from further litigation on the same claim on any ground or theory of relief *that the party could have litigated in the first instance.*" *Bloomfield v. Weakland*, 339 Ore. 504, 511; 123 P.3d 275, 279 (1975) (citing *Dean v. Exotic Veneers, Inc.*, 271 Ore. 188, 194; 531 P.2d 266 (1975)). These principles were further outlined in *Ram Technical Services, Inc. v. Koresko*, 240 Or.App. 620 (2011) *citing Morey*, 229 Or.App. 605, 608-609; 215 P.3d 879 (2009) as follows"

> The doctrine of claim preclusion prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent. The rule forecloses a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance. A 'claim' is defined broadly as a group of facts which entitle the plaintiff to relief. In deciding whether a group of facts is part of

the same claim, we inquire whether the transactions were related in time, space, origin, or motivation, and whether they form a convenient unit, as well as whether they were substantially of the same sort and similarly motivated.

Judgment was entered against Plaintiff on its claims brought in her Second State Court Action against NWTS.  The claims Plaintiff bring now, appear to be based upon the same factual transactions that gave rise to her Second State Court Action.  The claims herein were previously brought, or could have been brought within Plaintiff's Second State Court Action.

27.

Furthermore, Plaintiff now brings one exact same claim against NWTS that she brought in the Second State Court Action.  Plaintiff's Complaint in the Second State Court Action (*See* Ex. I) P. 24, L(s) 3-10, states the following claim against NWTS as follows:

Where the Trustee [NWTS] by the wrongful disposition of trust property acquires other Property the beneficiary is entitle, at his option, to either enforce a constructive trust of the property so acquired, or to enforce an equitable lien upon it to secure his claim against the trustee for damages for breach of trust, misfeasance, malfeasance and or nonfeasance, as long as the product of the trust property is held by the Trustee and can be traced.

Plaintiff has brought this same claim herein, against NWTS "for constructive trust … for its role in foreclosures on these properties, particularly Jeff Stenman." (*See* Complaint, P. 2, ¶ 2.(C)).  NWTS prevailed against Plaintiff on this and other claims in the Second State Court Action.

28.

Claim preclusion applies to this current district court action, as it is a separate action, against the same party, NWTS, and is based upon the same factual transactions, including Plaintiff's mortgage loan, the Deed of Trust, Property, and the foreclosure of the Property, as were brought and subject to Plaintiff's Second State Court Action.  The claims raised in this instant case, and any other claim or request for relief therein implied could have been, and should have been brought in the first action against NWTS, which was the Second State Court Action.

Thus, the elements of claim preclusion have been met, and Plaintiff is not entitled to raise the claim for constructive trust herein, or any other claim against NWTS arising from the facts or transactions regarding the mortgage loan, Deed of Trust, Property, or the foreclosure of the Property against NWTS.  Plaintiff's claims herein and the Complaint should be dismissed with prejudice as against NWTS, and NWTS should be awarded its attorney fees and costs for having to defend against this action.

29.

**MOTION 3.   NWTS SHOULD BE DISMISSED UNDER THE DOCTRINE OF CLAIM PRECLUSION BY PRIVITY:**

NWTS, BONY, HomEq Servicing Corporation ("HomEq"), and Wachovia are in privity due to their relationship as successors in interest to lender, servicing agent, and successor trustee of the Deed of Trust.  Therefore the doctrine of claim preclusion is applicable to NWTS, due to the prior actions brought by Plaintiff against BONY, HomEq, and Wachovia.

30.

An action can be barred against a party who was not a party in the first action, if that party was in "privity" with the party in the earlier action.  *Kelley v. Mallory*, 202 Ore. 690, 705; 277 P.2d 767 (1954); and C*row v. Abraham*, 86 Ore 99, 105; 167 P. 590 (1917).  A limitation of the concept of privity in such circumstances is a concern for fairness of binding a person to a judgment rendered in an earlier action in which he or she was not a party.  *Wolff v. Du Puis*, 233 Ore. 317, 321, 378 P.2d 707 (1963).  Privity is a word used to say that the relationship between the one who is a party on the record in an action, and another party, is close enough to include the other within the *res judicata. Id.*, at 321 (*citing Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950).  Here, NWTS is the successor trustee of the Deed of Trust appointed by Wachovia, successor in interest to BONY.  NWTS became the successor trustee, replacing

Regional Trustees Services Corporation ("Regional"), who was the successor trustee named in Plaintiff's First State Court Action along with BONY and HomEq. Thus, the nature of NWTS's involvement within this matter is to simply be the successor trustee of the Deed of Trust, directed by Wachovia, the beneficiary of the Deed of Trust, to foreclose the Property following Plaintiff's default. Therefore the relationship of NWTS to BONY, HomEq, and Wachovia is close, as all perform necessary daily activities with respect to Plaintiff's former mortgage loan and Deed of Trust. It is realistic to conclude that the interests of NWTS were fully protected by BONY, HomEq, and Wachovia in the First State Court Action, the Second State Court Action, the subsequent appeals, the FED Action, and subsequent appeal. For these reasons, this court should apply the doctrine of claim preclusion to NWTS by privity to the defendants in the prior court actions, dismissing NWTS from this action.

31.

**MOTION 4: RCO SHOULD BE DISMISSED WITH PREJUDICE:**

In this case, the Complaint fails to state any fact regarding RCO, or any wrongdoing at all by RCO. Previously, RCO acted as counsel for BONY and HomEq in Plaintiff's First State Court Action and appeal there from; for Wachovia in the FED Action and appeal there from; and for NWTS in the Second State Court Action. RCO has had no other interaction with Plaintiff, other than to act as legal counsel to parties adverse to Plaintiff in said actions.

32.

Simply acting as legal counsel to a party in litigation is hardly adequate grounds to be sued by the opposing party in a separately litigated matter. Indeed, the courts in Oregon have long adopted a strong policy of discouraging such actions because of the potential that such actions would chill litigants' access to counsel, and to pursue or defend against a litigated matter

in court.

33.

In *Bob Godfrey Pontiac, Inc. v. Roloff*, 291 Or. 318, 630 P.2d 840 (1981), the Oregon

Supreme Court even went so far as to rule that a litigant does not have a cause of action against

opposing counsel even in cases where counsel has knowingly filed a baseless pleading,

observing:

> [I]n a state which, like Oregon, requires "special injury" in an action for
> wrongful prosecution of civil proceedings, the financial and personal costs
> typically associated with litigating a legal dispute also do not give rise to a
> private claim for damages for knowingly filing a baseless pleading . . . .
> Ordinary incidents of litigation, including mutual accusations, are part of the
> price of living in a society which values every person's right to pursue a
> grievance in court, or to seek "a remedy by due course of law for injury done
> him in his person, property, or reputation," as <u>Or. Const. art. I, § 10</u>, puts it.
> <u>279 Or. at 520, 569 P.2d 561</u>.

34.

The court in *Godfrey* also cited with approval, decisions in Illinois and Kentucky, quoting

from them as follows:

> [A] litigant's free access to the courts would frequently be of little value to him if
> he were denied counsel of his choice by a rule which rendered attorneys fearful of
> being held liable as insurers of the merits of their client's case, and therefore
> unwilling to undertake representation in close or difficult matters. The very
> purpose of a court of law is to determine whether an action filed by a party has
> merit . . . . *Lydden v. Shaw,* 372 N.E. 2d 685, 690, 56 Ill.App.3d 815, 14 Ill.Dec.
> 489 (1978).

> The attorney must have the same freedom in initiating his client's suit as the
> client. If he does not, law suits now justifiably commenced will be refused by
> attorneys, and the client, in most cases, will be denied his day in court. *Hill v.
> Willmott,* 561 S.W.2d 331, 334 (Ky.App. 1978).

35.

In the instant case, the Complaint is completely devoid of any fact, or allegation of

wrongdoing by RCO.  Plaintiff has appears to have named RCO as a defendant for improper

Page 16 – MOTION TO DISMISS COMPLAINT

purposes, including to harass and to cause expense to RCO to defend itself against Plaintiff's

claims.  For that reason, and under the principals of *Godfrey*, and FRCP 12(b)(6), failure to state

a claim for which relief can be granted, RCO should be immediately dismissed with prejudice

from this action.

36.

**<u>MOTION 5:</u>  PLAINTIFF LACKS JUSTICIABLE CONTROVERSY:**

Oregon's declaratory relief statute ORS 28.020, states as follows:

> Any person interested under a deed, will, written contract or other writing
> constituting a contract, or whose rights, status or other legal relations are affected
> by a constitution, statute, municipal charter, ordinance, contract or franchise may
> have determined any question of construction or validity arising under any such
> instrument, constitution, statute, municipal charter, ordinance, contract or
> franchise and obtain a declaration of rights, status or other legal relations
> thereunder.

Standing under Oregon's declaratory relief statutes has been denied where the effect is either too

speculative or entirely missing.  *Thunderbird Mobile Club, LLC v. City of Wilsonville*, 234 Or.

App. 457, 228 P.3d 650 (2010), *citing Vannatta V. Oregon Government Ethics Comm.*, 347 Or.

449, 470; 222 P.3d 1077 (2009).  Thus, the litigant seeking declaratory relief "must show some

injury or other impact*** beyond an abstract interest in the correct application or the validity of

the law." *Id.*, *citing League of Oregon Cities v. Oregon*, 334 Or. 645, 658; 56 P.3d 892 (2002).

Furthermore, in order for the controversy to be justiciable, it must involve a dispute based on

present facts, rather than contingent or hypothetical facts or events.  *Id.*  Cases that may be

justiciable, but where the court's decision no longer will have a practical effect on or concerning

the rights of the parties, are moot.  *Poddar v. Clatsop County*, 167 Or.App. 162; 2 P.3d 929

(2000), *citing Brumnett v. PSRB*, 315 Or. 402, 848 P.2d 1194 (1993).

37.

Here, Plaintiff's claims are barred by claim preclusion, and claim preclusion by privity,

as to both NWTS and RCO as both are parties identical or in privity to litigants in Plaintiff's prior actions. Judgments were entered in favor of NWTS and the other litigants in privity therein, in Plaintiff's prior actions and appeals. The circuit court, and the court of appeals of Oregon rendered those judgments and are courts of competent jurisdiction. Final judgments on the merits were entered. *Rennie v. Freeway, Transport*, 294 Or. 319; 656 P.2919 (1982). Therefore, any claim arising now, including a claim for declaratory relief to determine Plaintiff's rights as to the mortgage loan, the Deed of Trust, foreclosure, and the Property are precluded and are thus moot, and no justiciable controversy remains. NWTS and RCO should be dismissed from this action with prejudice.

38.

**MOTION 6:  PLAINTIFF'S DECLARATORY RELIEF CLAIMS ARE MOOT.**

The Property has been foreclosed. Pursuant to ORS 86.770(1), the foreclosure sale terminated the interest in the property that belonged to Plaintiff, and under ORS 86.770(2) an action for a deficiency may not be brought, nor a judgment entered against the grantor of the Deed of Trust or the note secured by the Deed of Trust. Thus, no rights remain under the mortgage loan, Note, or Deed of Trust to be declared, and doing so would have no substantive effect. Plaintiff's claims are moot and should be dismissed.

39.

**CONCLUSION**

Plaintiff has not only used the judicial system, but abused it for the purpose of frustrating and preventing the foreclosure of the Deed of Trust against the Property, despite the fact that she has been in default under the terms of the Note and Deed of Trust for her failure to pay the January 1, 1999 monthly mortgage payment and each and every payment thereafter due.

Foreclosure ultimately occurred after Plaintiff wore out her welcome in the United States
Bankruptcy Court.  That court entered prospective orders for bad faith filings against Plaintiff,
baring her from further bankruptcy filings on two separate occasions.  Plaintiff filed two state
court actions, judgments were entered against her, and she appealed those Judgments.  The
judgments were affirmed on appeal.  Wachovia prevailed in the FED Action against Plaintiff to
have her removed from the property, Plaintiff appealed that decision as well, and it too was
affirmed.  Having worn out her welcome in these courts, Plaintiff now brings this action in
district court.  Plaintiff's claims have been thoroughly litigated, and claim preclusion applies.
Declaratory relief is not warranted as her claims are moot and no justiciable controversy exists.
Plaintiff's Complaint herein should be dismissed with prejudice, an injunction entered barring
Plaintiff from further filings in the District Court on the subject matter herein, and NWTS and
RCO awarded their attorney fees and costs against Plaintiff.

DATED this 28th day of March 2011.

ROUTH CRABTREE OLSEN, P.C.

  /s/ Teresa M. Shill
Teresa M. Shill,  OSB # 031680
Attorneys for Defendants Northwest Trustee
Services, Inc. and Routh Crabtree Olsen P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, OR 97035-1249
Phone (503) 977-7926
Fax (503) 977-7963
tshill@rcolegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC. AND ROUTH CRABTREE OLSEN, P.C.'S MEMORANDUM IN SUPPORT OF ITS MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT upon the following parties on this 28th day of March, 2011.


**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
      Plaintiff pro se

**VIA ECF SYSTEM**
John M. Thomas
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 395
Lake Oswego, Oregon 97035
      Attorneys for Defendants Wachovia Equity Servicing LLC
      and Wells Fargo Home Mortgage


                      **ROUTH CRABTREE OLSEN, P.C.**


                    By   /s/ Teresa M. Shill
                        Teresa M. Shill, OSB #031680
                        Attorneys for Defendants Northwest
                        Trustee Services, Inc., and Routh
                        Crabtree Olsen, P.C.
                        11830 SW Kerr Parkway, Ste. 385
                        Lake Oswego, Oregon 97035
                        Phone: (503) 977-7926
                        Fax: (503) 977-7963