Teresa M. Shill, OSB #031680
E-Mail: tshill@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 977-7926
Fax: (503) 977-7963
Attorney for Defendants Northwest Trustee Services, Inc.,
and Routh Crabtree Olsen, P.C.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| B. CAROL GLOVER,<br><br>    Plaintiff,<br><br> v.<br><br>WACHOVIA EQUITY SERVICING LLC;<br>NORTHWEST TRUSTEE SERVICES, INC.;<br>WELLS FARGO HOME MORTGAGE; and<br>ROUTH CRABTREE OLSEN, P.C.,<br><br>    Defendants. | Case No. 11-210 HU<br><br>DECLARATION OF TERESA M.<br>SHILL IN SUPPORT OF<br>DEFENDANTS NORTHWEST<br>TRUSTEE SERVICES, INC. AND<br>ROUTH CRABTREE OLSEN, P.C.'S<br>MOTIONS TO DISMISS PLAINTIFF'S<br>COMPLAINT |

I, Teresa M. Shill, am an attorney at Routh Crabtree Olsen, P.C.( "RCO"), and am

counsel of record for RCO and Northwest Trustee Services, Inc. ("NWTS") who have been

named defendants herein.  I am over the age of 18, not a party to this action, and am competent

to testify to the following based upon my personal knowledge of the facts and matters herein, the

pleadings and documents of record, and the documents made part of the public real property

records or Yamhill County, Oregon, and attached and made part of this declaration by their

inclusion within the Exhibit List ("Ex.") filed concurrently and in support of RCO and NWTS's

Motions to Dismiss Plaintiff's Complaint herein.  I hereby certify the following as true and correct and/or is part of the real property records of Yamhill County.

## UNDISPUTED FACTS:

1.

DEED OF TRUST AND ASSIGNMENTS:  In November 1997, Plaintiff granted a trust deed for the benefit of Americredit Corporation of California, securing repayment of a mortgage loan with the Property.  The Deed of Trust was recorded on November 10, 1997, as Fee No. 199718923, and was assigned to The Money Store by Assignment of Deed of Trust recorded March 27, 1998, as Fee No. 199805444.  Thereafter the Deed of Trust was assigned to Bank of New York a Trustee Under the Pooling and Servicing Agreement Dated as of February 28, 1998, Series 1998-A ("BONY"), by the Corporation Assignment of Trust Deed recorded April 5, 1999, as Fee No. 19906924, and lastly, the Deed of Trust was assigned to Wachovia by Assignment of Deed of Trust recorded February 26, 2008, as Fee No. 200803222 (collectively the "Assignments")  The Deed of Trust and the Assignments are part of the Yamhill County public real property records (*See* true copies at Ex. A and B, respectively).

2.

MULTIPLE (5) BANKRUPTCIES:  Plaintiff defaulted under the terms of the Deed of Trust, foreclosure commenced, and Plaintiff undertook the filing of five serial Chapter 13 Bankruptcies as follows: 1) on August 18, 1999, Case No. 99-36287;  2) March 3, 2000, Case No. 0031500;  3) May 25, 2001, Case No. 01-35166;  4) May 15, 2002, Case No. 02-35185; and 5) October 10, 2002, Case No. 02-40959.  Each of these bankruptcies were filed within days of a scheduled foreclosure sale of the Property, dismissed after relief of the automatic stay was granted, or the bankruptcies were otherwise not useful to Plaintiff.  In the fourth case, Case No.

02-35185, the court issued an order to show cause why the case should not be dismissed or converted to a Chapter 7, and after a hearing, the court dismissed the bankruptcy, barring Plaintiff from further filings in the bankruptcy court for a period of two years (the "Prospective Order"). The issuance of the Prospective Order was based on the finding of bad faith pursuant to *In re Leavitt*, 171, F.3d 1219 (9th Cir. 1999). Thereafter, Plaintiff filed the fifth bankruptcy, Case No. 02-40959, on behalf of her incapacitated husband. That case too was dismissed. A more detailed discussion of the bankruptcy cases, their purposes, and affect, can be found in Oregon Court of Appeals decision, *Glover v. The Bank of New York*, 208 Or.App. 545, 547; 147 P.3d 336, 337 (2006) ("*Glover v. BONY*") (*See* a true copy at Ex. C).

3.

STATE COURT ACTION: After the Prospective Order was entered against Plaintiff prohibiting her from further bankruptcy filings for a period of two years, Plaintiff filed a complaint in the Yamhill County Circuit Court, Case No CV030173 ("First State Court Action") for Breach of Contract, Declaratory Relief, Injunction, Attorney Fees & Costs (*See* a true copy of the Complaint at Ex. D, and the court's docket as Ex. E). RCO was counsel of record in the First State Court Action for defendants BONY, who was then the current beneficiary of the Deed of Trust, and HomEq Servicing Corporation ("HomEq"), the mortgage loan servicer.

4.

BONY and HomEq prevailed against Plaintiff in the First State Court Action, on summary judgment based on the doctrine of judicial estoppel as applied to the five prior Chapter 13 Bankruptcies. BONY and HomEq were also awarded discovery sanctions against Plaintiff. Plaintiff appealed from those decisions, Case No. A127962, resulting in the appellate court decision *Glover v. BONY* (*See* Ex. C). The court of appeals affirmed the award of sanctions and

Page 3 – DECLARATION OF TERESA M. SHILL IN SUPPORT OF MOTION TO DISMISS

judicial estoppel as applied to Plaintiff's first claim for relief for breach of contract, but reversed and remanded Plaintiff's second claim for declaratory and injunctive relief. Plaintiff filed a petition for review to the Oregon Supreme Court which was denied, Case No. S054344.

5.

Thereafter, trial was scheduled in the First State Court Action. The matter was tried to the bench, and judgment was entered in favor of BONY and HomEq (*See* a true copy of the General Judgment at Ex. F). Plaintiff appealed. The court of appeals, Case No. A137762, affirmed the lower court's decision without opinion.

6.

There being no further impediment to foreclosure, the successor trustee, defendant NWTS herein, commenced foreclosure against the Property. The Notice of Default and Election to Sell ("NODES"), indicating Plaintiff was due and owing for the January 1, 1999 mortgage payment and each and every payment thereafter due and not paid, was recorded on February 26, 2008, as Fee No. 200803224, and set the sale of the Property for June 30, 2008 (*See* a true copy of the NODES at Ex. G).

7.

BANKRUPTCY No. 6: On June 27, 2008, two days before the foreclosure sale, Plaintiff filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 08-33163. That bankruptcy was dismissed on August 18, 2008, for Plaintiff's failure to file documents as ordered by the court (*See* true copy of docket, Case No. 08-33163, at Ex. H). Thereafter foreclosure recommenced, and sale was set for October 17, 2008.

8.

SECOND STATE COURT ACTION: On June 27, 2008, the same day Plaintiff filed the

Page 4 – DECLARATION OF TERESA M. SHILL IN SUPPORT OF MOTION TO DISMISS

bankruptcy described above in ¶ 13, she filed a complaint in the Yamhill County Circuit Court, Case No. CV080288 ("Second State Court Action"), naming as defendants the prior mortgage loan defendants, and adding NWTS and Wachovia  (*See* true copies of the Second State Court Action Complaint, and court's docket at Ex(s). I and J, respectively).  RCO was counsel of record for NWTS, in the Second State Court Action

9.

SECOND STATE COURT ACTION DISMISSED:  Plaintiff brought claims for breach and conversion under contract; cancellation (return of Note and Deed); trust property into its product; RICO; and criminal wrongdoing against NWTS in the Second State Court Action.  On August 18, 2008, attorneys of record, RCO, filed a motion to dismiss Plaintiff's complaint on behalf of NWTS.  Robert Dougherty, attorney of record for Wachovia and the other mortgage loan defendants also filed their motions to dismiss Plaintiff's Second State Court Action.  Those motions were granted and the case dismissed.  Plaintiff appealed the judgment entered in favor of Wachovia and the mortgage loan defendants to the Oregon Court of Appeals, Case No. A137762.  The court of appeals affirmed without opinion.

10.

BANKRUPTCY No. 7:  On October 17, 2008, Plaintiff filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 08-35558.  Wachovia moved for relief of the bankruptcy stay.  The order for relief was entered on November 24, 2008.  Thereafter, Plaintiff moved to dismiss the bankruptcy (*See* true copy of docket, Case No.  08-3558, Ex. K).   The case was dismissed on December 4, 2008. Thereafter foreclosure recommenced, and sale of the Property set for January 16, 2009.

//

Page 5 – DECLARATION OF TERESA M. SHILL IN SUPPORT OF MOTION TO DISMISS

11.

BANKRUPTCY No. 8:  On January 16, 2009, Plaintiff again filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 09-30250.  Pursuant to 11 U.S.C. § 362(c)(4)(A)(i), this being Plaintiff's third bankruptcy following two prior dismissed cases within one years time, no automatic stay was in effect, and NWTS conducted the foreclosure sale that same day, January 16, 2009, at 10:00 AM.  The Property reverted to Wachovia.  The Trustee's Deed, recorded on January 21, 2009, as Fee No 200900800 (*See* true copy of Trustee's Deed at Ex. L).  On January 21, 2009, an Order to Show Cause why the bankruptcy case should not be dismissed or converted was entered in the bankruptcy court's docket, setting the hearing to show cause for March 12, 2009.  On February 13, 2009, prior to that scheduled hearing, an order was entered into the bankruptcy court's docket confirming that no bankruptcy stay was in effect, and Plaintiff moved to dismiss the bankruptcy (*See* true copy of docket, Case No 0930250 at Ex. M).

12.

EVICTION:  On February 19, 2009, Wachovia, by and through its attorneys of record RCO, filed its Forcible Entry and Detainer action against Plaintiff to evict her from the Property (the "FED"), Yamhill County Circuit Court Case No. CV90078 (*See* true copy of docket, Case No. CV90078 at Ex. N).  Plaintiff appeared and filed her answer.  Wachovia filed its motion for summary judgment and the Honorable Carroll J. Tichnor granted Wachovia's motion after hearing, signing the Order Granting Summary Judgment and General Judgment of Restitution of the Property on August 6, 2009 (*See* true copies of the Order and General Judgment at Ex. O, and Transcript of the July 13, 2009 Summary Judgment hearing at Ex. P).  Plaintiff appealed that decision, and on October 27, 2010, the Oregon Court of Appeals, Case No. A143034, affirmed

the lower court's decision without opinion.  Thereafter, Plaintiff filed her petition for review to the Oregon Supreme Court, Case No S059096, which is under consideration.

13.

BANKRUPTCY No. 9:  On April 22, 2010, Plaintiff again filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 10-33473.  That case was dismissed, the court finding at the June 2010 show cause hearing that Plaintiff had used the bankruptcy system to frustrate her creditor's actions, and a prospective order entered against Plaintiff barring her from further bankruptcy filings until June 8, 2015 (*See* true copies of court's docket, Case No. 10-33473, and Transcript of the June 2, 2010 show cause hearing at Ex(s). Q and R, respectively).

14.

On or about February 18, 2011, Plaintiff filed the above entitled action.  She brings her complaint for declaratory judgment and injunctive relief in part against the same defendants as in the past proceedings, including Wachovia and NWTS, and has named their attorney in those past proceedings, RCO.

15.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.  This declaration was executed this 28th day of March 2010 in Lake Oswego, Oregon.

DATED this 28th day of March 2011.        /s/ Teresa M. Shill
                                          Teresa M. Shill,  OSB # 031680
                                          11830 SW Kerr Parkway, Ste. 385
                                          Lake Oswego, OR 97035-1249
                                          Phone (503) 977-7926
                                          Fax (503) 977-7963
                                          tshill@rcolegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DECLARATION OF TERESA M. SHILL IN

SUPPORT OF DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC. AND ROUTH

CRABTREE OLSEN, P.C.'S MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT upon the

following parties on this 28th day of March, 2011.


**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
     Plaintiff pro se

**VIA ECF SYSTEM**
John M. Thomas
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 395
Lake Oswego, Oregon 97035
     Attorneys for Defendants Wachovia Equity Servicing LLC
     and Wells Fargo Home Mortgage


                             **ROUTH CRABTREE OLSEN, P.C.**


                    By   /s/ Teresa M. Shill
                        Teresa M. Shill, OSB #031680
                        Attorneys for Defendants Northwest
                        Trustee Services, Inc., and Routh
                        Crabtree Olsen, P.C.
                        11830 SW Kerr Parkway, Ste. 385
                        Lake Oswego, Oregon 97035
                        Phone: (503) 977-7926
                        Fax: (503) 977-7963