John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 517-7180
Fax: (425) 457-7369
    Attorney for Defendants Wachovia and Wells Fargo

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| B. CAROL GLOVER, | | |
| | Plaintiff, | No. 3:11-cv-00210-HU |
| v. | | |
| WACHOVIA EQUITY SERVICING LLC; NORTHWEST TRUSTEE SERVICES, INC.; WELLS FARGO HOME MORTGAGE; and ROUTH CRABTEE OLSEN, P.C., | | DEFENDANTS WACHOVIA EQUITY SERVICING LLC'S and WELLS FARGO HOME MORTGAGE'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS |
| | Defendants. | ORAL ARGUMENT REQUESTED |

"[T]he only permissible legal conclusion is that [B. Carol Glover] was manipulating the judicial system in a manner that harmed its integrity," (Oregon Court of Appeals's characterization of Plaintiff's tactics to delay foreclosure of the property in this matter). *Glover v. Bank of New York*, 208 Or.App. 545, 558, 147 P.3d 336, 343 (Or.App. 2006).

Pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(1), and Fed. R. Civ. P. 8, Defendants

Wachovia and Wells Fargo, move the Court for an order dismissing Plaintiff's Complaint

based on Plaintiff's failure to state a claim, lack of subject matter jurisdiction, the

doctrine of claim preclusion, lack of a justiciable controversy, and mootness.  As discussed below, Plaintiff now improperly seeks a declaratory judgment regarding her home loan, despite not having made a house payment since 1999, despite having previously litigated the same issues in state court, despite the property having already being sold at foreclosure sale, and despite the state court ordering her to vacate the property on account of such foreclosure, and despite the Oregon Supreme Court denying her petition for review of such judgment of restitution of the property against her.

Defendants Wachovia and Wells Fargo join in the Motion to Dismiss and Memorandum In Support already filed by co-defendants (dkt. #11 and 12), and incorporate the declaration of Teresa M. Shill, attorney, Routh Crabtree Olsen, P.C. (the "Shill Decl.") (dkt. #13) and co-defendants' Exhibits filed concurrently with the Shill Decl., and co-defendants' Request for Judicial Notice and supporting exhibits (dkt. #14, 15, 16, 17, and 18).  Defendants Wachovia and Wells Fargo supplement their motion with their own Request for Judicial Notice and Declaration of John Thomas filed herewith.

### A. <u>Procedural Background from Defendants' Request for Judicial Notice</u>

In November 1997, plaintiff, B. Carol Glover  ("Plaintiff") obtained a mortgage loan and granted a trust deed for the benefit of the lender, Americredit Corporation of California, thereby securing repayment of a mortgage loan with the Property commonly known as 26736 NW Williams Canyon Road, Gaston, Oregon 97119 (the "Property"). The trust deed was recorded in the county real property records on November 10, 1997, as Fee No. 199718923 ("Deed of Trust").  Plaintiff defaulted under the terms of the Deed of Trust.  Foreclosure commenced.  Thereafter, Plaintiff undertook the filing of a series

of Chapter 13 Bankruptcies, utilizing the bankruptcy automatic stay to stop scheduled foreclosure sales. Ultimately the bankruptcy court entered a prospective order for bad faith filings against Plaintiff, baring Plaintiff from further bankruptcy filings for a period of two years.

In 2003, the prospective order baring her use of the automatic stay, Plaintiff filed her first state court action against the mortgagee, loan servicer, and successor trustee of the Deed of Trust, for breach of contract, declaratory, and injunctive relief to stop the foreclosure sale. The mortgage loan defendants prevailed against Plaintiff on their motion for summary judgment based on the doctrine of judicial estoppel, as applied to the five prior Chapter 13 Bankruptcies. Plaintiff appealed that decision. The Oregon court of appeals issued its opinion *Glover v. The Bank of New York*, 208 Or.App. 545, 547; 147 P.3d 336, 337 (2006), affirming the lower court application of judicial estoppel as to Plaintiff's first claim for relief, but reversing and remanding as to her second claim for relief. Trial was held on Plaintiff's second claim for declaratory and injunctive relief. The mortgage loan defendants prevailed at trial. Plaintiff appealed that decision and the court of appeals affirmed without opinion. Foreclosure recommenced.

The prospective order having expired, Plaintiff undertook yet another series of Chapter 13 bankruptcies filings, and filed her second state court action against the mortgage loan defendants adding NWTS who was then the current successor and foreclosing trustee of the Deed of Trust, and Wachovia Equity Servicing LLC, successor by merger to HomEq Servicing Corporation (successor by merger to TMS Mortgage Inc., DBA The Money Store) ( "Wachovia") who was the current beneficiary of the Deed of Trust. Judgment was entered in favor of the mortgage loan defendants and Wachovia,

and co-defendant Northwest Trustee Services, Inc. ("NWTS") on summary judgment. Plaintiff appealed the judgment in favor of the mortgage loan defendants and Wachovia. The court of appeals affirmed without opinion. Another prospective order was entered against Plaintiff in the United States Bankruptcy Court baring her from further filings for a period of five years. NWTS completed the foreclosure, and the Property reverted to Wachovia. Wachovia commenced an eviction. Judgment of restitution was entered against Plaintiff. Plaintiff appealed. Judgment was affirmed, and Plaintiff has petitioned for review by the Oregon Court of Appeals and Oregon Supreme Court. Both petitions for review were denied. *See* Request for Judicial Notice.

Plaintiff now brings another complaint, this time in district court, ostensibly for declaratory relief, however there is simply nothing for the court to declare at this point in light of what has already transpired.

### B.    Factual Background from Defendants' Request for Judicial Notice

DEED OF TRUST AND ASSIGNMENTS: In November 1997, Plaintiff granted a trust deed for the benefit of Americredit Corporation of California, securing repayment of a mortgage loan with the Property. The Deed of Trust was recorded on November 10, 1997, as Fee No. 199718923, and was assigned to The Money Store by Assignment of Deed of Trust recorded March 27, 1998, as Fee No. 199805444. Thereafter the Deed of Trust was assigned to Bank of New York a Trustee Under the Pooling and Servicing Agreement Dated as of February 28, 1998, Series 1998-A ("BONY"), by the Corporation Assignment of Trust Deed recorded April 5, 1999, as Fee No. 19906924, and lastly, the Deed of Trust was assigned to Wachovia by Assignment of Deed of Trust recorded February 26, 2008, as Fee No. 200803222 (collectively the "Assignments") The Deed of

Trust and the Assignments are part of the Yamhill County public real property records (*See* true copies at Ex. A and B, respectively).

MULTIPLE ABUSIVE BANKRUPTCY PETITIONS:  Plaintiff defaulted under the terms of the Deed of Trust, foreclosure commenced, and Plaintiff undertook the filing of five serial Chapter 13 Bankruptcies as follows: 1) on August 18, 1999, Case No. 99-36287;  2) March 3, 2000, Case No. 0031500;  3) May 25, 2001, Case No. 01-35166;  4) May 15, 2002, Case No. 02-35185; and 5) October 10, 2002, Case No. 02-40959.  Each of these bankruptcies were filed within days of a scheduled foreclosure sale of the Property, dismissed after relief of the automatic stay was granted, or the bankruptcies were otherwise not useful to Plaintiff.  In the fourth case, Case No. 02-35185, the court issued an order to show cause why the case should not be dismissed or converted to a Chapter 7, and after a hearing, the court dismissed the bankruptcy, barring Plaintiff from further filings in the bankruptcy court for a period of two years (the "Prospective Order").  The issuance of the Prospective Order was based on the finding of bad faith pursuant to *In re Leavitt*, 171, F.3d 1219 (9th Cir. 1999).  Thereafter, Plaintiff filed the fifth bankruptcy, Case No. 02-40959, on behalf of her incapacitated husband.  That case too was dismissed.  A more detailed discussion of the bankruptcy cases, their purposes, and affect, can be found in Oregon Court of Appeals decision, *Glover v. The Bank of New York*, 208 Or.App. 545, 547; 147 P.3d 336, 337 (2006) ("*Glover v. BONY*") (*See* a true copy at Ex. C).

STATE COURT ACTION:  After the Prospective Order was entered against Plaintiff prohibiting her from further bankruptcy filings for a period of two years, Plaintiff filed a complaint in the Yamhill County Circuit Court, Case No CV030173

("First State Court Action")  for Breach of Contract, Declaratory Relief, Injunction,
Attorney Fees & Costs (*See* a true copy of the Complaint at Ex. D, and the court's docket
as Ex. E). RCO was counsel of record in the First State Court Action for defendants
BONY, who was then the current beneficiary of the Deed of Trust, and HomEq Servicing
Corporation ("HomEq"), the mortgage loan servicer.

BONY and HomEq prevailed against Plaintiff in the First State Court Action, on
summary judgment based on the doctrine of judicial estoppel as applied to the five prior
Chapter 13 Bankruptcies.  BONY and HomEq were also awarded discovery sanctions
against Plaintiff.  Plaintiff appealed from those decisions, Case No. A127962, resulting in
the appellate court decision *Glover v. BONY* (*See* Ex. C).  The court of appeals affirmed
the award of sanctions and judicial estoppel as applied to Plaintiff's first claim for relief
for breach of contract, but reversed and remanded Plaintiff's second claim for declaratory
and injunctive relief.  Plaintiff filed a petition for review to the Oregon Supreme Court
which was denied, Case No. S054344.

Thereafter, trial was scheduled in the First State Court Action.  The matter was
tried to the bench, and judgment was entered in favor of BONY and HomEq (*See* a true
copy of the General Judgment at Ex. F).  Plaintiff appealed.  The court of appeals, Case
No. A137762, affirmed the lower court's decision without opinion.

There being no further impediment to foreclosure, the successor trustee, defendant
NWTS herein, commenced foreclosure against the Property.  The Notice of Default and
Election to Sell ("NODES"), indicating Plaintiff was due and owing for the January 1,
1999 mortgage payment and each and every payment thereafter due and not paid, was
recorded on February 26, 2008, as Fee No. 200803224, and set the sale of the Property

for June 30, 2008 (*See* a true copy of the NODES at Ex. G, Defendants' Request for Judicial Notice).

BANKRUPTCY No. 6:  On June 27, 2008, two days before the foreclosure sale, Plaintiff filed for protection under Chapter 13 of the United States Bankruptcy Code, Case No. 08-33163.  That bankruptcy was dismissed on August 18, 2008, for Plaintiff's failure to file documents as ordered by the court (*See* true copy of docket, Case No. 08-33163, at Ex. H).  Thereafter foreclosure recommenced, and sale was set for October 17, 2008.

SECOND STATE COURT ACTION:  On June 27, 2008, the same day Plaintiff filed the bankruptcy described above in ¶ 13, she filed a complaint in the Yamhill County Circuit Court, Case No. CV080288 ("Second State Court Action"), naming as defendants the prior mortgage loan defendants, and adding NWTS and Wachovia  (*See* true copies of the Second State Court Action Complaint, and court's docket at Ex(s). I and J, respectively).

SECOND STATE COURT ACTION DISMISSED:  Plaintiff brought claims for breach and conversion under contract; cancellation (return of Note and Deed); trust property into its product; RICO; and criminal wrongdoing in the Second State Court Action.  Wachovia and the other mortgage loan defendants filed motions to dismiss Plaintiff's Second State Court Action.  Those motions were granted and the case dismissed.  Plaintiff appealed the judgment entered in favor of Wachovia and the mortgage loan defendants to the Oregon Court of Appeals, Case No. A137762.  The court of appeals affirmed without opinion.

BANKRUPTCY No. 7:  On October 17, 2008, Plaintiff filed for protection under

Chapter 13 of the United States Bankruptcy Code, Case No. 08-35558.  Wachovia moved

for relief of the bankruptcy stay.  The order for relief was entered on November 24, 2008.

Thereafter, Plaintiff moved to dismiss the bankruptcy (*See* true copy of docket, Case No.

08-3558, Ex. K).    The case was dismissed on December 4, 2008. Thereafter foreclosure

recommenced, and sale of the Property set for January 16, 2009.

BANKRUPTCY No. 8:  On January 16, 2009, Plaintiff again filed for protection

under Chapter 13 of the United States Bankruptcy Code, Case No. 09-30250.  Pursuant to

11 U.S.C. § 362(c)(4)(A)(i), this being Plaintiff's third bankruptcy following two prior

dismissed cases within one years time, no automatic stay was in effect, and NWTS

conducted the foreclosure sale that same day, January 16, 2009, at 10:00 AM.  The

Property reverted to Wachovia.  The Trustee's Deed, recorded on January 21, 2009, as

Fee No 200900800 (*See* true copy of Trustee's Deed at Ex. L).  On January 21, 2009, an

Order to Show Cause why the bankruptcy case should not be dismissed or converted was

entered in the bankruptcy court's docket, setting the hearing to show cause for March 12,

2009.  On February 13, 2009, prior to that scheduled hearing, an order was entered into

the bankruptcy court's docket confirming that no bankruptcy stay was in effect, and

Plaintiff moved to dismiss the bankruptcy (*See* true copy of docket, Case No 0930250 at

Ex. M).

EVICTION:  On February 19, 2009, Wachovia, by and through its attorneys of

record RCO, filed its Forcible Entry and Detainer action against Plaintiff to evict her

from the Property (the "FED"), Yamhill County Circuit Court Case No. CV90078 (*See*

true copy of docket, Case No. CV90078 at Ex. N).  Plaintiff appeared and filed her

answer.  Wachovia filed its motion for summary judgment and the Honorable Carroll J.

Tichnor granted Wachovia's motion after hearing, signing the Order Granting Summary

Judgment and General Judgment of Restitution of the Property on August 6, 2009 (*See*

true copies of the Order and General Judgment at Ex. O, and Transcript of the July 13,

2009 Summary Judgment hearing at Ex. P).  Plaintiff appealed that decision, and on

October 27, 2010, the Oregon Court of Appeals, Case No. A143034, affirmed the lower

court's decision without opinion.  Thereafter, Plaintiff filed her petition for review to the

Oregon Supreme Court, Case No S059096, denied her petition.  Plaintiff has exhausted

all of her remedies and must vacate the property.

        BANKRUPTCY No. 9:  On April 22, 2010, Plaintiff again filed for protection

under Chapter 13 of the United States Bankruptcy Code, Case No. 10-33473.  That case

was dismissed, the court finding at the June 2010 show cause hearing that Plaintiff had

used the bankruptcy system to frustrate her creditor's actions, and a prospective order

entered against Plaintiff barring her from further bankruptcy filings until June 8, 2015

(*See* true copies of court's docket, Case No. 10-33473, and Transcript of the June 2, 2010

show cause hearing at Ex(s). Q and R, respectively).

        On or about February 18, 2011, Plaintiff filed the above entitled action.  She

brings her complaint for declaratory judgment and injunctive relief in part against the

same defendants as in the past proceedings, including Wachovia and NWTS; Defendant

Wells Fargo is now the servicer of her (foreclosed) loan, however Plaintiff has not stated

any claim for relief as to it, either

## C.    STANDARD FOR FRCP 12(b)(6) MOTION TO DISMISS

        A complaint must be dismissed when it fails to state a claim upon which relief can

be granted. FRCP 12(b)(6).  To survive a FRCP 12(b)(6) motion to dismiss, the

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support its claims. *Scheurer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. at 555.

Upon a motion to dismiss, the court must review the sufficiency of the complaint. *Shuer v. Rhodes,* 416 U.S. 232, 236 (1974).  In *Twombly*, 550 U.S. at 570, the Supreme Court held that a court must dismiss a complaint when a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face.  The working principles as cited in *Twombly* are as follows; 1) a short plaint statement of the claim showing the pleader is entitled to relief; 2) the complaint must state a claim with enough factual matter (taken as true) to establish the relief requested, and requires more that labels, conclusions, and formulaic recitations of the elements of a cause of action; 3) factual allegations must  be enough to raise a right to relief above the speculative level, and that a well plead complaint can proceed even if recovery is remote or unlikely.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (U.S. 2007) *citing Conley v.*

*Gibson*, 355 U.S. 41 (1957); *Papasan v. Allain*, 478 U.S. 265 (1986); 5 C. Wright & A.

Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) and *Scheuer v.*

*Rhodes*, 416 U.S. 232 (1974).

## MOTION 1.  PLAINTIFF'S ACTION FAILS UNDER FRCP 8

Pursuant to FRCP 8, a pleading setting forth a claim, or claims for relief must therein

contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction,
> unless the court already has jurisdiction and the claim needs no new
> jurisdictional support;
> (2) a short and plain statement of the claim showing the pleader is entitled
> to relief; and
> (3) a demand for the relief sought, which may include relief in the
> alternative or different types of relief.

Under FRCP 8(d), the allegations within Plaintiff's Complaint must be simple, concise, and

direct.  Plaintiff's Complaint herein fails to state a short and plain statement of the claims,

showing that Plaintiff is entitled to the relief requested.  Plaintiff's Complaint does not

comply with FRCP 8 and should be struck in it's entirely and this case dismissed, or in the

alternative Plaintiff be ordered to amend the Complaint to state a claim.

## MOTION 2:   WACHOVIA AND WELLS FARGO  SHOULD BE DISMISSED UNDER THE DOCTRINE OF CLAIM PRECLUSION

Plaintiff's claims against Wachovia and Wells Fargo are not clearly defined or set

out within the Complaint in plain direct statements.  It is difficult to ascertain exactly

what facts and claims Plaintiff alleges against Wachovia and Wells Fargo.  Plaintiff

alleges she wants her rights declared, but fails to identify under what or why.  She

requests relief to quiet title, but cites no facts to support the status of title to what

property, and why it is in dispute. (*See* Complaint, P. 2).   Even should Plaintiff replead to

include sufficient facts to state a claim, Plaintiff's claims are barred under the doctrine of

claim preclusion, and thus the court lacks jurisdiction to entertain them, in any event.

    <u>CLAIM PRECLUSION:</u>  It is settled law that 28 U.S.C.S. § 1738 generally requires federal courts to give state court judgments the same preclusive effects that they would be given by another court of that state.  *Brodheim v. Cry*, 584 F3d 1262 (Ca. 2009); *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004) *citing Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 84 (1984).  Plaintiff named, and brought claims for breach and conversion under contract; cancellation (return of Note and Deed); trust property into its product; RICO; and criminal wrongdoing against defendants in her Second State Court Action.  The subject matter of Plaintiff's Complaint is the same prior subject matter in her First and Second State Court Actions, and bankruptcy filings, including the Property, Note, Deed of Trust, and Foreclosures

    The purpose of claim preclusion is to protect litigants from multiple and harassing lawsuits over the same claims.  "The doctrine of claim preclusion, formerly known as *res judicata*, generally prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent."  *Lincoln Loan Co. v. City of Portland*, 340 Ore. 613; 136 P.3d 1 (2006), (citing *Rennie v. Freeway Transport*, 294 Ore. 319, 323; 656 P.2d 919 (1982)).  Claim preclusion applies and bars a future action where a litigant has prosecuted an action against a party through to final judgment, binding on all the parties.  The litigant is then barred on *res judicata* grounds from (1) prosecuting another action against the same party where the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (2) the litigant seeks a remedy additional or alternative to the one sought earlier; and (3) the claims are of such a nature as could have been joined in the first action."  *Lincoln Loan Co.*, 136 P.3d at 618.

The well settled principle of claim preclusion is that a party who has litigated a claim against another is foreclosed "from further litigation on the same claim on any ground or theory of relief *that the party could have litigated in the first instance.*" *Bloomfield v. Weakland*, 339 Ore. 504, 511; 123 P.3d 275, 279 (1975) (*citing Dean v. Exotic Veneers, Inc.*, 271 Ore. 188, 194; 531 P.2d 266 (1975)). These principles were further outlined in *Ram Technical Services, Inc. v. Koresko*, 240 Or.App. 620 (2011) *citing Morey*, 229 Or.App. 605, 608-609; 215 P.3d 879 (2009) as follows"

> The doctrine of claim preclusion prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent. The rule forecloses a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance. A 'claim' is defined broadly as a group of facts which entitle the plaintiff to relief. In deciding whether a group of facts is part of the same claim, we inquire whether the transactions were related in time, space, origin, or motivation, and whether they form a convenient unit, as well as whether they were substantially of the same sort and similarly motivated.

Judgment was entered against Plaintiff on its claims brought in her Second State Court Action. The claims Plaintiff brings now appear to be based upon the same factual transactions that gave rise to her Second State Court Action. The claims herein were previously brought, or could have been brought within Plaintiff's Second State Court Action.

Claim preclusion applies to this current district court action, as it is a separate action, and is based upon the same factual transactions, including Plaintiff's mortgage loan, the Deed of Trust, Property, and the foreclosure of the Property, as were brought and subject to Plaintiff's Second State Court Action. The claims raised in this instant case, and any other claim or request for relief therein implied could have been, and should have been brought in the first action, which was the Second State Court Action.

Thus, the elements of claim preclusion have been met, and Plaintiff is not entitled to re-litigate claims arising from the facts or transactions regarding the mortgage loan, Deed of Trust, Property, or the foreclosure of the Property. Plaintiff's claims herein and the Complaint should be dismissed with prejudice as against Wachovia and Wells Fargo, and they should be awarded its attorney fees and costs for having to defend against this action.

## MOTION 3.   WACHOVIA AND WELLS FARGO SHOULD BE DISMISSED UNDER THE DOCTRINE OF CLAIM PRECLUSION BY PRIVITY

NWTS, BONY, HomEq Servicing Corporation ("HomEq"), Wachovia, and Wells Fargo (successor servicer to HomEq) are in privity due to their relationship as successors in interest to lender, servicing agent, and successor trustee of the Deed of Trust. Therefore the doctrine of claim preclusion is applicable to Wachovia and Wells Fargo, due to the prior actions brought by Plaintiff against BONY, HomEq, and Wachovia.

An action can be barred against a party who was not a party in the first action, if that party was in "privity" with the party in the earlier action. *Kelley v. Mallory*, 202 Ore. 690, 705; 277 P.2d 767 (1954); and C*row v. Abraham*, 86 Ore 99, 105; 167 P. 590 (1917). A limitation of the concept of privity in such circumstances is a concern for fairness of binding a person to a judgment rendered in an earlier action in which he or she was not a party. *Wolff v. Du Puis*, 233 Ore. 317, 321, 378 P.2d 707 (1963). Privity is a word used to say that the relationship between the one who is a party on the record in an action, and another party, is close enough to include the other within the *res judicata*. *Id.*, at 321 (*citing Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir. 1950).

**MOTION 4:  PLAINTIFF LACKS A JUSTICIABLE CONTROVERSY:**

Oregon's declaratory relief statute ORS 28.020, states as follows:

Any person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a constitution, statute, municipal charter, ordinance, contract or franchise may have determined any question of construction or validity arising under any such instrument, constitution, statute, municipal charter, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Standing under Oregon's declaratory relief statutes has been denied where the effect is either too speculative or entirely missing.  *Thunderbird Mobile Club, LLC v. City of Wilsonville*, 234 Or. App. 457, 228 P.3d 650 (2010), *citing Vannatta V. Oregon Government Ethics Comm.*, 347 Or. 449, 470; 222 P.3d 1077 (2009).  Thus, the litigant seeking declaratory relief "must show some injury or other impact*** beyond an abstract interest in the correct application or the validity of the law." *Id.*, *citing League of Oregon Cities v. Oregon*, 334 Or. 645, 658; 56 P.3d 892 (2002).  Furthermore, in order for the controversy to be justiciable, it must involve a dispute based on present facts, rather than contingent or hypothetical facts or events.  *Id.*  Cases that may be justiciable, but where the court's decision no longer will have a practical effect on or concerning the rights of the parties, are moot.  *Poddar v. Clatsop County*, 167 Or.App. 162; 2 P.3d 929 (2000), *citing Brumnett v. PSRB*, 315 Or. 402, 848 P.2d 1194 (1993).

Here, Plaintiff's claims are barred by claim preclusion, and claim preclusion by privity, as to both Wachovia and Wells Fargo as both are parties identical or in privity to litigants in Plaintiff's prior actions.  Judgments were entered in favor of Wachovia and the other litigants in privity therein, in Plaintiff's prior actions and appeals.  The circuit court, and the court of appeals and supreme court of Oregon rendered those judgments

and are courts of competent jurisdiction.  Final judgments on the merits were entered. *Rennie v. Freeway, Transport*, 294 Or. 319; 656 P.2919 (1982).  Therefore, any claim arising now, including a claim for declaratory relief to determine Plaintiff's rights as to the mortgage loan, the Deed of Trust, foreclosure, and the Property are precluded and are thus moot, and no justiciable controversy remains.

Moreover, unless Plaintiff can plead and establish that she could have cured the loan default, her alleged uncertainty is simply immaterial and moot for that reason alone. "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." ORS. § 28.010.  The court may refuse to render or enter a declaratory judgment where such judgment, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding.  ORS § 28.060.

Oregon courts require that there be a justiciable or actual controversy. *Mitchell Bros. Truck Lines v. Lexington Ins. Co.*, 287 Or. 217, 598 P.2d 294, 295 (Or. 1979) *citing Oregon Medical Assn. v. Rawls*, 276 Or. 1101, 1107, 557 P.2d 664 (1977); *Hale v. Fireman's Fund Ins. Co.*, 209 Or. 99, 302 P.2d 1010 (1956); 1 Anderson, Actions for Declaratory Judgments s 15 (1951).  Oregon courts have frequently dismissed declaratory judgment proceedings upon the ground that the proceeding presented no justiciable controversy. *See Oregon Cry. Mfgrs. Ass'n. v. White*, 159 Or. 99, 78 P.2d 572 (1938); *Hickey v. City of Portland*, 165 Or. 594, 109 P.2d 594 (1941); *Hale v. Fireman's Fund Ins. Co.*, *supra*, (209 Or. 99, 302 P.2d 1010); *Oregon Medical Assn. v. Rawls*, *supra*, (276 Or. 1101, 557 P.2d 664).

In Oregon, a justiciable controversy is one "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Hale v. Fireman's Fund Ins. Co.*, supra,

(209 Or. at 103, 302 P.2d at 1012).  In *Oregon Medical Assn. v. Rawls*, *supra*, (276 Or. at 1108, 557 P.2d at 699), the Supreme Court of Oregon held the controversy was not justiciable for the reason, among others, "that the factual data submitted in this case do not provide us with a sound footing to decide the constitutional issues raised."  The Oregon Supreme Court recognizes that, to be a justiciable controversy, "there must appear a sufficient practical need for the determination of the matter"; there must be "an accrued state of facts as opposed to hypothetical state of facts." *Mitchell Bros. Truck Lines v. Lexington Ins. Co.*, 287 Or. 217, 598 P.2d 294, 295 (Or. 1979) *citing* 1 Anderson, Declaratory Judgments, s 9 (1972 Supp.). The standard is the same in a case brought under the federal Declaratory Judgment Act.  *See* 28 U.S.C. § 2201(a); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) (declaratory relief is limited to "case[s] of actual controversy").

   Here, Plaintiff's complaint merely poses the following hypothetical state of facts: *if* Plaintiff could have paid her home loan (which did not and could not), then who is entitled to payment, and who would have been entitled to enforce the terms of the now foreclosed security instrument?  Since Plaintiff's complaint poses only a moot, hypothetical question, this Court should decline to make any determination without Plaintiffs' allegation that, indeed, she could have cure the loan default.  Essentially, Plaintiff wants to have it both ways—on the one hand, she claims that her uncertainty necessitates a judicial declaration by the court; but, on the other hand, she did not and would not pay or do anything to cure the loan default to have avoided the foreclosure no matter the Court's determination.  Thus, without any allegation by Plaintiff that she could actually cure the loan default, her lawsuit merely poses a "hypothetical state of facts," whereby there is "no practical need" for the

declaration that Plaintiffs seek.  The foreclosure is complete, and she has been ordered to vacate the property.  Plaintiff's complaint fails to state a claim for declaratory relief and should be dismissed.

Again, Plaintiff does not dispute that she failed to pay her loan.  Her complaint does not allege that she cured the default by tendering the amount due under the note prior to the sale as required by statute.  *See* ORS 86.753 (stating requirements for cure of default and discontinuance of non-judicial foreclosure sale pursuant to a trust deed); *Kerr v. Miller*, 159 Or. App. 613, 977 P.2d 438, 451 (1999) (discussing the same).  Plaintiff therefore alleged no facts regarding the foreclosure sale that would entitle her to the proposed declaratory judgment, especially given that the state court has already adjudicate the matter.

Nor can Plaintiff contend that she would be subject to *any* further liability on the foreclosed trust deed and note.  ORS 86.770(2)(a) prohibits defendants from pursuing for any deficiency amount on the foreclosed trust deed/loan.  Hence, there is simply no controversy warranting a declaratory judgment.

## <u>MOTION 5</u>:  PLAINTIFF'S DECLARATORY RELIEF CLAIMS ARE MOOT.

The Property has been foreclosed.  Pursuant to ORS 86.770(1), the foreclosure sale terminated the interest in the property that belonged to Plaintiff, and under ORS 86.770(2) an action for a deficiency may not be brought, nor a judgment entered against the grantor of the Deed of Trust or the note secured by the Deed of Trust.  Thus, no rights remain under the mortgage loan—Note or Deed of Trust—to be declared, and doing so would have no substantive effect.  Plaintiff's claims are moot and should be dismissed.  *See Clapper v. Oregon State Police*, 228 Or. App. 172, 178, 206 P.3d 1135 (2009) (case

was moot because a ruling by the court would have had no effect on the rights of either party.  Where a case becomes moot, dismissal is the appropriate disposition as a matter of law).

### D.    PLAINTIFF SHOULD NOT BE ALLOWED TO REPLEAD BECAUSE ANY  AMENDMENTS WOULD BE FUTIL

Under Fed. R. Civ. P. 15(a), leave to amend a Complaint "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Courts, however, do not allow "'futile amendments.'"  *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984) (*quoting Klamath-Lake Pharm. Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)).  Courts may, therefore, dismiss an insufficient Complaint when "it is clear the deficiency cannot be overcome by amendment."  Jones, 733 F.2d at 650 (*quoting May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)).  Based on the foregoing analysis, Plaintiff could not transform her Complaint to allege a controversy.

## CONCLUSION

Plaintiff has not only used the judicial system, but abused it for the purpose of frustrating and preventing the foreclosure of the Deed of Trust against the Property, despite the fact that she has been in default under the terms of the Note and Deed of Trust for her failure to pay the January 1, 1999 monthly mortgage payment and each and every payment thereafter due.  Foreclosure ultimately occurred after Plaintiff wore out her welcome in the United States Bankruptcy Court.  That court entered prospective orders for bad faith filings against Plaintiff, baring her from further bankruptcy filings on two separate occasions.  Plaintiff filed two state court actions, judgments were entered against her, and she appealed those Judgments.  The judgments were affirmed on appeal.

Wachovia prevailed in the FED Action against Plaintiff to have her removed from the property, Plaintiff appealed that decision as well, and it too was affirmed.  Having worn out her welcome in these courts, Plaintiff now brings this action in district court. Plaintiff's claims have been thoroughly litigated, and claim preclusion applies. Declaratory relief is not warranted as her claims are moot and no justiciable controversy exists.  Plaintiff's Complaint herein should be dismissed with prejudice, and Wachovia and Wells Fargo awarded their attorney fees and costs against Plaintiff.

DATED this 15th day of April, 2011.

**ROUTH CRABTREE OLSEN, P.C.**

By    /s/ John M. Thomas
John M. Thomas, OSB #024691
Attorneys for Defendants Wachovia
and Wells Fargo
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 517-7180
Fax: (425) 457-7369

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing Defendants Wachovia Equity

Servicing LLC's and Wells Fargo Home Mortgage's Memorandum in Support of Motion

to Dismiss to the parties listed below on this 15th day of April, 2011.

**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
        Plaintiff pro se

**VIA ECF**
Teresa M. Shill
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
        Attorney for Northwest Trustee Services, Inc.
        and Routh Crabtree Olsen, P.C.

Dated: April 15, 2011.

                            **ROUTH CRABTREE OLSEN, P.C.**

                          By   /s/ John M. Thomas
                                John M. Thomas, OSB #024691
                                Attorneys for Defendants Wachovia and
                                Wells Fargo
                                11830 SW Kerr Parkway, Ste. 385
                                Lake Oswego, Oregon 97035
                                Phone: (503) 517-7180
                                Fax: (425) 457-7369