John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 517-7180
Fax: (425) 457-7369
     Attorney for Defendants Wachovia and Wells Fargo

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| B. CAROL GLOVER,<br><br>                      Plaintiff,<br><br>v.<br><br>WACHOVIA EQUITY SERVICING LLC;<br>NORTHWEST TRUSTEE SERVICES, INC.;<br>WELLS FARGO HOME MORTGAGE; and<br>ROUTH CRABTEE OLSEN, P.C.,<br><br>                      Defendants. | No. 3:11-cv-00210-HU<br><br>DEFENDANTS WACHOVIA EQUITY SERVICING LLC'S and WELLS FARGO HOME MORTGAGE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS & RESPONSE IN OPPOSITION TO PLAINTIFF'S FRCP 12 MOTIONS AND REQUEST FOR JUDICIAL NOTICE<br><br>ORAL ARGUMENT REQUESTED |

Defendants Wachovia Equity Servicing LLC ("Wachovia") and Wells Fargo

Home Mortgage ("Wells Fargo") file this reply in support of their motion to dismiss and

to Plaintiff's responses to the Defendants' Motions to Dismiss the Complaint, entitled 1)

Plaintiff's Motion to Make a More Definite Statement FRCP 12(e) ("Motion to Make

More Definite"); 2) Plaintiff's Motion to Strike FRCP 12(f) ("Motion to Strike"); 3)

Plaintiff's Memorandum Supporting Motions to Make More Definite, and to Strike

Page 1 – REPLY IN SUPPORT OF MOTION TO DISMISS

("Memorandum"); and 4) Plaintiff's Request for Judicial Notice –FRE 201(2) ("Request for Judicial Notice"), as follows:

### A. **PLAINTIFF'S MOTION TO STRIKE:**

In an apparent response to Defendants' Motions to Dismiss, Plaintiff moves to strike Defendants' Exhibits D-R; most of Defendants' Motion to Dismiss, including all references to Claim Preclusion; Plaintiff's multiple Chapter 13 Bankruptcy filings; references to the grounds for dismissal of those Bankruptcy filings; the prospective orders issued by the United States Bankruptcy Court baring Plaintiff from further bankruptcy filings, references to *Glover v. The Bank of New York*, 208 Or.App. 545; 147 P.3d 336 (2006); and of the foreclosure of the Property. Plaintiff alleges the references to these undisputed facts, public records, and the court orders and opinions are impertinent and scandalous. Plaintiff fails to explain why she finds these matters impertinent and scandalous, and thus her Motion to Strike should be denied.

The standard for striking a pleading under FRCP 12(f) is strict, and has been described by one court as "only allegations that are 'so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense' should be stricken." *In re Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F.Supp. 1388, 1400 (D.C. Pa. 1984) *citing EEOC v. Ford Motor Co.*, 529 F.Supp. 643, 644 (D.Col 1982). Here, Plaintiff appears to want stricken all references to her prior litigation, including bankruptcy filings, court orders rendered against her, appeals, judicial opinions, testimony, and the public documents and records. But the record is necessary as to Defendants' defense of collateral estoppel and claim preclusion. The record shows that Plaintiff has had her day in court, many times. Plaintiff's claims should be precluded,

and this repetitive vexing litigation should come to an end.

The allegations, exhibits, and opinions and orders that Plaintiff wants stricken are not so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense. Rather, the record developed by Plaintiff's prior litigation, bankruptcy, and appellate cases should not be stricken as it is that basis for Defendants' defenses herein and precludes Plaintiff from continuing to relitigate these claims where Plaintiff has already prosecuted actions against a Defendant and Defendants' predecessors in interest to final judgment, binding on all parties. Thus, the Exhibits, public record, references to the bankruptcies and prior litigation are relevant and related to Plaintiff's claims and her Motion to Strike should be denied.

## B.     PLAINTIFF'S MOTION TO MAKE MORE DEFINITE AND CERTAIN:

Plaintiff's Motion to Make More Definite is premised upon her contention that the Complaint invokes the Court's declaratory powers as provided for under 28 USC § 2201 (*See* motion to Make More Definite, P. 2). Plaintiff suggests that a claim for declaratory relief is impossible to dismiss, there is no defense to it, and must be granted. On the contrary, the Declaratory Judgment Act authorizes district courts to declare the rights of parties "to a cause of actual controversy within its jurisdiction." *State Farm Fire and Cas. Co. v. Arbor Vineyards Homeowners Assoc.*, 2011 WL 198145 (D.Or., 2011) citing 28 U.S.C. § 2201(a). "A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution…It must also fulfill statutory jurisdictional prerequisites. *Government Employees Ins., Co. v. Dizol*, 133 F.3d 1220 (HI. 1998) *citing Aetna Life Ins.*

Page 3 – REPLY IN SUPPORT OF MOTION TO DISMISS

*Co. of Hartford v. Haworth,* 300 U.S. 227, 239-40, 57 S.Ct. 461, 463-64 (1937) and *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672; 70 S.Ct. 876, 879 (1950). "If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Id.*, *citing Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250; 73 S.Ct. 236, 243—44 (1952). The Act "gave the federal Courts competence to make a declaration of rights; it did not impose a duty to do so." *Id.*, *citing Public Affairs Associates v. Rickover*, 369 U.S. 111, 112; 82 S.Ct. 580, 581-82 (1962).

The factors this Court should consider prior to exercising its discretion as to whether or not to grant or deny declaratory relief, are as follows: "(1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. *Home Indem. Co. v. Stimson Lumber Co.*, 229 F.Supp.2d 1075 (Or. 2001) *citing Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). "In addition, other considerations may be relevant: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue: (3) whether the declaratory action is being sough merely for the purposes of procedural fencing or to obtain a "res judicata' advantage; (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies." *Id.*.

This Court should decline to consider this matter for declaratory relief. The

Page 4 – REPLY IN SUPPORT OF MOTION TO DISMISS

matters complained of are state court matters, including real property located in Oregon, foreclosure and eviction from that property. Plaintiff is forum shopping. She previously brought her claims in two state court actions, in the United States Bankruptcy Court, and their coinciding appellate courts. Plaintiff brings her declaratory action for the purposes of delay, utilizing the court as a sword rather than a shield. Hereafter she will appeal any decision from this Court to the 9th Circuit Court of Appeals to continue the delay, and to remain in the real property that has been foreclosed, and in which she faces evection from. Plaintiff has failed to raise any justiciable controversy and this Court should deny her claim.

Plaintiff's contention (*See* Motion to Make More Definite, P. 1), that Defendants' Motion failed to explain Wells Fargo Home Mortgage's part is without basis. Defendants are not required to conduct an investigation as to who the other defendants are, or to determine what Plaintiff's grievances may be as to the other defendants, where Plaintiff has failed to articulate her claims.

### C.     PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE:

Likewise, Plaintiff's request for Judicial Notice (dkt. #35) should also be denied where there is no relevance as to the document. Indeed, request for judicial notice is inappropriate only for documents either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRE 201. Here, Plaintiff inappropriately requests judicial notice of pure inadmissible hearsay—an unauthenticated document, which changes nothing with respect to the prior adjudication of her claims. FRE 401, 801 and 802. In that regard, Plaintiff seeks declaratory relief to declare her

rights as to the named defendants, the property, and the Note and Deed of Trust (See Complaint, P. 2, § 2).  She has not sought relief as to the relationship between Wells Fargo Bank, N.A. and the Comptroller of the Currency, nor would she have standing to intervene into such regulatory matters, anyway.  For these reasons, Defendants' Motions to Dismiss should be granted, and likewise, Plaintiffs' Motions in response denied.

DATED this 23rd day of May, 2011.

                    **ROUTH CRABTREE OLSEN, P.C.**

By   /s/ John M. Thomas
      John M. Thomas, OSB #024691
      Attorneys for Defendants Wachovia
      and Wells Fargo
      11830 SW Kerr Parkway, Ste. 385
      Lake Oswego, Oregon 97035
      Phone: (503) 517-7180
      Fax: (425) 457-7369

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing Defendants Wachovia Equity Servicing LLC's and Wells Fargo Home Mortgage's Reply in Support of Motion to Dismiss to the parties listed below on this 23rd day of May, 2011.

**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
    Plaintiff pro se

**VIA ECF**
Teresa M. Shill
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
    Attorney for Northwest Trustee Services, Inc.
    and Routh Crabtree Olsen, P.C.

Dated: May 23, 2011.

**ROUTH CRABTREE OLSEN, P.C.**

By   /s/ John M. Thomas
    John M. Thomas, OSB #024691
    Attorneys for Defendants Wachovia and
    Wells Fargo
    11830 SW Kerr Parkway, Ste. 385
    Lake Oswego, Oregon 97035
    Phone: (503) 517-7180
    Fax: (425) 457-7369