**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| B. CAROL GLOVER, | ) |
|                 Plaintiff, | ) No. 03:11-cv-00210-HU |
| vs. | ) |
| WACHOVIA EQUITY SERVICING LLC;<br>NORTHWEST TRUSTEE SERVICES, INC.;<br>WELLS FARGO HOME MORTGAGE; and<br>ROUTH CRABTREE OLSEN, P.C.; | ) **FINDINGS AND RECOMMENDATIONS**<br>    **ON PRETRIAL MOTIONS** |
|                 Defendants. | ) |

_____

B. Carol Glover
26736 N.W. Williams Canyon Road
Gaston, OR 97119

    Plaintiff *pro se*

John M. Thomas
ROUTH CRABTREE OLSEN, P.C.
621 S.W. Alder Street
Suite 800
Portland, OR 97205-3623

    Attorney for Defendants
    Wachovia Equity Servicing LLC,
    and Wells Fargo Home Mortgage

Teresa M. Shill
ROUTH CRABTREE OLSEN, P.C.
621 S.W. Alder Street
Suite 800
Portland, OR 97205-3623

    Attorney for Defendants
    Northwest Trustee Services, Inc.,
    and Routh Crabtree Olsen, P.C.

1 - FINDINGS AND RECOMMENDATIONS

HUBEL, United States Magistrate Judge:

## ***PROCEDURAL HISTORY***

The plaintiff B. Carol Glover brings this action for a declaratory judgment and injunctive relief to overturn the defendants' foreclosure of her home in Gaston, Oregon (the "Property"). A protracted procedural history has culminated in the present action. The procedural history includes repeated lawsuits filed by Glover against various holders of the mortgage loan, a bench trial and verdict against Glover, nine different bankruptcy petitions filed by Glover, and court orders barring Glover from further bankruptcy filings for periods of time and sanctioning her for discovery violations. A detailed chronology of the procedural history appears in *Glover v. Bank of New York*, 208 Or. App. 545, 147 P.3d 336 (2006) (attached as Exhibit C to Dkt. #18), and in the defendants' briefs, Dkt. #12 & #30, in support of the defendants' motions to dismiss Glover's Complaint. I therefore provide an abbreviated summary here.

On November 5, 1997, Glover refinanced the Property and obtained a mortgage loan in the amount of $294,000 from Americredit Corporation. She executed a Deed of Trust in favor of Americredit to secure repayment of the loan. Dkt. #18, Ex. A, Deed of Trust. The mortgage loan and Deed of Trust have been assigned several times over the years, with Wachovia Equity Servicing LLC ("Wachovia"), NWTS, and Wells Fargo Home Mortgage ("Wells Fargo") in the chain of assignees and successor trustees. *See* Dkt. #18, Ex. B; Dkt. #12, p. 4, ¶ 7; Dkt. #30, pp. 3-4 & 9. Wells Fargo currently is the servicer of Glover's loan. Dkt. #30, p. 9.

2 - FINDINGS AND RECOMMENDATIONS

Glover was in default on her loan by the end of 1998, and the then-current holder of the loan initiated nonjudicial foreclosure proceedings. *Glover*, 208 Or. App. at 547, 147 P.3d at 337.[1] To stay the foreclosure proceedings and prevent sale of the Property, Glover filed a series of bankruptcy petitions. She filed a Chapter 13 petition in August 1999, on her own behalf; a Chapter 13 petition in March 2000, on behalf of "her incapacitated husband"; a Chapter 13 petition in May 2001, on her own behalf; and another Chapter 13 petition in May 2002, also on her own behalf. *Id.*, 208 Or. App. at 547-48, 147 P.3d at 337-38. The 1999 and 2000 bankruptcy petitions were dismissed on Glover's motion. *Id.* The 2001 bankruptcy petition was "apparently dismissed because [Glover] failed to make payments according to her Chapter 13 repayment plan." *Id.*, 208 Or. App. at 548, 147 P.3d at 337. The 2002 bankruptcy petition was dismissed with prejudice, and Glover was barred from filing another bankruptcy proceeding for two years "based on the court's finding of 'bad faith' pursuant to *In re Leavitt*, 171 F.3d 1219 (9th Cir. 1999)." *Id.*, 208 Or. App. at 548-49, 147 P.3d at 337-38 (footnote omitted). Glover filed another Chapter 13 petition on her husband's behalf in October 2002. That case also was dismissed for failure to make payments under the Chapter 13 repayment plan. *Id.*, 208 Or. App. at 549, 147 P.3d at 338.

On May 29, 2003, Glover filed suit in Yamhill County, Oregon, against The Bank of New York and HomEq Servicing Corporation. She

---

[1] The following procedural history also is recited by the defendants in their briefs in support of their motions to dismiss. *See* Dkt. #12, pp. 4-9; Dkt. #31, pp. 9.

3 - FINDINGS AND RECOMMENDATIONS

alleged the bank had charged her for property taxes and fees on the Property that were not actually due, and she claimed the bank's actions had prevented her from refinancing the Property at a lower interest rate, damaging her in the amount of $15,000. She also sought declaratory and injunctive relief, asking the court to require the defendants to provide an accounting of all payments made under the terms of the 1997 note, and enjoining the scheduled foreclosure of the Property. She stated the defendants claimed she owed over $450,000 on the note, but she actually owed "considerably less than that claimed by [d]efendants." *Id.*, 208 Or. App. at 549, 147 P.3d at 338. The court granted the defendants' motion for summary judgment, finding Glover was judicially estopped from asserting claims against the defendants that she had failed to raise in response to the defendants' proofs of claim filed in her bankruptcy proceedings. Judgment was entered for the defendants, including an attorney's fee award as a sanction for Glover's failure to comply with a court order granting an earlier motion to compel filed by the defendants. *Id.*, 208 Or. App. at 550-51, 147 P.3d at 338-39.

Glover appealed. The Oregon Court of Appeals affirmed the trial court's grant of summary judgment on the breach of contract claim on the basis of judicial estoppel, but reversed the judgment as to Glover's claims for declaratory and injunctive relief. *Glover, passim*. A bench trial was held, resulting in a judgment for the defendants. *See* Dkt. #18, Ex. F, General Judgment, entered December 4, 2007.

In February 2008, NWTS once again initiated foreclosure proceedings against the Property, based on Glover's failure to make

4 - FINDINGS AND RECOMMENDATIONS

payments since January 1, 1999.  Sale of the Property was scheduled for June 30, 2008.  *Id.*, Ex. G.  On June 27, 2008, Glover filed a new Chapter 13 bankruptcy petition.  The bankruptcy case "was dismissed on August 18, 2008, for [Glover's] failure to file documents as ordered by the court[.]" *Id.*, p. 6, ¶ 13 (citing Dkt. #18, Ex. H, copy of docket sheet from the bankruptcy action).

The same day that Glover filed the bankruptcy petition, she also filed another state court action in Yamhill County, against all of the prior mortgage loan defendants, and adding Wachovia and NWTS.  In a twenty-nine-page Amended Petition, Glover sought to set aside the foreclosure; cancel the note and deed of trust "for fraud, usury, material misrepresentation, fraud in the inducement, fraud in fact, [and] lack of adequate consideration"; recoup monies paid to the defendants; quiet title to the Property in Glover; and "set aside void judgment." *Id.*, Ex. I.  The current defendant Routh Crabtree Olsen, P.C. ("Routh") represented NWTS in the case.  Dkt. #12, p. 7, ¶ 14.  On August 18, 2008, the court granted the defendants' motion to dismiss.  Glover appealed, and according to the defendants, the Oregon Court of Appeals affirmed without opinion. *Id.*, ¶ 15.

Glover filed another Chapter 13 bankruptcy petition on October 17, 2008.  Wachovia's motion for relief from the stay was granted on November 24, 2008, and the bankruptcy case thereafter was dismissed on Glover's motion. *See* Dkt. #18, Ex. K.  Wachovia recommenced the foreclosure, and sale of the Property was scheduled for January 16, 2009.

On January 16, 2009, Glover filed yet another Chapter 13 petition.  Because this was her third bankruptcy petition following

5 - FINDINGS AND RECOMMENDATIONS

two prior dismissals within one year's time, "no automatic stay was in effect, and NWTS conducted the foreclosure sale that same day, January 16, 2009, at 10:00 AM. The Property reverted to Wachovia." Dkt. #12, ¶ 17 (citing 11 U.S.C. § 362(c)(4)(A)(i)). Glover moved to dismiss the pending bankruptcy action after entry of an order in that case confirming that no bankruptcy stay was in effect. *Id.* (citing Dkt. #18, Ex. M)

Wachovia filed a Forcible Entry and Detainer action against Glover on February 19, 2009, to evict her from the Property. Wachovia's motion for summary judgment was granted, and a General Judgment of Restitution was entered on August 6, 2009. Dkt. #18, Ex. O; *see id.* Ex. P, transcript of summary judgment hearing. Glover appealed, and on October 27, 2010, the Oregon Court of Appeals affirmed the judgment without opinion. Dkt. #12, ¶ 18. Glover filed a petition for reconsideration that was denied on December 15, 2010. Dkt. #33, Ex. S. She filed a petition for review with the Oregon Supreme Court that was denied on April 7, 2011. *Id.*, Ex. T.

On April 22, 2010, Glover filed another Chapter 13 bankruptcy petition. At a June 2, 2010, hearing on the court's *sua sponte* order to show cause, the court dismissed the case with prejudice and imposed a five-year bar to the refiling of any bankruptcy petition by Glover. Dkt. #18, Ex. R, p. 9. The court found Glover had "over a number of years . . . unfairly manipulated the bankruptcy code to prevent creditor activity with which [she] disagree[d]." *Id.*, p. 7. The court found she had "filed the current Chapter 13 case and plan in an inequitable manner knowing that the plan that's been filed is patently not confirmable and not

6 - FINDINGS AND RECOMMENDATIONS

feasible on its face." *Id.*, pp. 7-8. The court held Glover had filed her repeated bankruptcy petitions "with the intent to impose a series of stays to prevent strategically creditor foreclosures on property," and her behavior was "egregious." *Id.*, p. 8.

Glover filed the present action on February 18, 2011. This time, in addition to seeking declaratory and injunctive relief against Wachovia, NWTS, and Wells Fargo, she has added as a defendant the law firm that represented Wachovia and NWTS in her past state court lawsuits.

### *THE PRESENT MOTIONS*

The case now is before the court on several related motions:

- Dkt. #11, Motion to Dismiss filed by NWTS and Routh, supported by a brief, Dkt. #12; the Declaration of Teresa M. Shill, Dkt. #13; and an appendix of exhibits, Dkt. #18.
- Dkt. #16, a motion by NWTS and Routh asking the court to take judicial notice of the Yamhill County real property records, and pleadings and orders filed in both of Glover's state court actions and all of her bankruptcy actions, all of which are attached to these defendants' appendix of exhibits, Dkt. #18; and a supporting Declaration of Teresa M. Shill, Dkt. #17.
- Dkt. #30, Motion to Dismiss filed by Wachovia and Wells Fargo, supported by a brief, Dkt. #31; and the Declaration of John Thomas, Dkt. #33.
- Dkt. #32, a motion by Wachovia and Wells Fargo asking the court to take judicial notice of the same documents requested by the other defendants; supported by the Declaration of John Thomas, Dkt. #33, which adds the orders of the Oregon Court of

7 - FINDINGS AND RECOMMENDATIONS

    Appeals and Oregon Supreme Court denying Glover's petitions for review in her second state court action.

- Dkt. #35, Glover's motion asking the court to take judicial notice of a Consent Order issued on March 31, 2011, by the Comptroller of the Currency in *In re Wells Fargo Bank, N.A.*, No. AA-EC-11-19, regarding "certain deficiencies and unsafe or unsound practices in residential mortgage servicing" identified by the Comptroller in Wells Fargo's residential real estate mortgage foreclosure processes. The motion is supported by a brief, Dkt. #39. In addition, Glover has filed a "Certificate of Conferral [pursuant to] LR 7-1," to which she has attached a number of exhibits, Dkt. #36.
- Dkt. #37, Glover's motion to strike all of the defendants' motions and supporting exhibits as "'insufficient defense . . . immaterial, impertinent, or scandalous matter,'" pursuant to Federal Rule of Civil Procedure 12(f) (quoting the Rule).
- Dkt. #38, Glover's Motion to Make a More Definite Statement, arguing the defendants' motions and exhibits are "'so vague or ambiguous that the party cannot reasonably prepare a response.'" (Quoting Fed. R. Civ. P. 12(e)). This motion also is supported by Glover's brief, Dkt. #39.
- The defendants NWTS and Routh filed a reply in support of their motion to dismiss, Dkt. #11.
- The defendants Wachovia and Wells Fargo filed a combined reply in support of their motion to dismiss and response to Glover's motions, Dkt. #42.

8 - FINDINGS AND RECOMMENDATIONS

### *REQUESTS FOR JUDICIAL NOTICE*

As a preliminary matter, I **grant** all of the parties' requests for judicial notice (Dkt. #16, #32, & #35), to the extent my Findings and Recommendations reference any of the materials. *See Campbell v. PricewaterhouseCoopers, LLP*, ___ F.3d ___, 2011 WL 2342740, at *2 n.3 (9th Cir. June 15, 2011) (citing Fed. R. Evid. 201(b)).[2]

Wachovia and Wells Fargo argue the court should deny Glover's request for judicial notice of the OCC Consent Order because it is "pure inadmissible hearsay" and "an unauthenticated document, which changes nothing with respect to the prior adjudication of [Glover's] claims."  Dkt. #42, p. 5.  Federal Rule of Evidence 201(b) provides "that judicial notice is appropriate for facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Campbell*, 2011 WL 2342740, at *2 n.3 (quoting Fed. R. Evid. 201(b)). The Consent Order offered by Glover is as much a public record as the court docket sheets offered as exhibits by the defendants.[3]

---

[2] Although, the defendants have not provided copies of the Yamill County Circuit Court docket sheets and orders in attested and certified form as required by 28 U.S.C. § 1738, it is proper for the court to take judicial notice of the documents based on counsel's declaration of the documents' authenticity. *See Ammons v. Burkum*, No. 98-C-861-C, 2000 WL 34230088, at *2 (W.D. Wis. Dec. 8, 2000) (citations omitted).

[3] The court was able to locate the Consent Order offered by Glover in a matter of seconds using a simple Internet search. *See* http://www.occ.treas.gov/news-issuances/news-releases/2011/nr-occ-2011-47k.pdf.  The Comptroller's website is a source "whose accuracy cannot reasonably be questioned."
In contrast, the docket sheets and orders from the Yamhill County Circuit Court appear to be available only from the court itself. *See* http://courts.oregon.gov/Yamhill/court_records.page?.

9 - FINDINGS AND RECOMMENDATIONS

## MOTIONS TO DISMISS

### A. The Complaint

In her Complaint, Glover seeks declaratory and injunctive relief relating to the Property. She seeks a declaration of her "rights and status" under the original Note and Deed of Trust, and "[a]ny and all agreements or contracts upon which Defendants may rely on [sic] to enforce anything against [her.]" Dkt. #1, ¶ 2(A) & (B). She also seeks imposition of a "constructive trust against Defendant [NWTS] for its role in foreclosures on these properties, particularly Jeff Stenman"; a declaration as to "[w]ho may and may not qualify as the real parties in interest to the Note and Deed of Trust"; and "judgment expunging the mortgage and quieting the title to [the Property]." *Id.*, ¶ 2(C), (D) & (E). Glover further seeks an injunction "to bar Defendants from proceeding against [her] home during the pendency of this case." *Id.*, ¶ 3.

### B. Pleading Standards

All of the defendants seek dismissal of Glover's Complaint for failure to comply with Federal Rule of Civil Procedure 8. *See* Dkt. #12, ¶ 22; Dkt. #32, p. 11. They ask the court to strike the Complaint in its entirety, or alternatively to require Glover to amend her Complaint to state a claim. *Id.*

Rule 8 requires that a pleading contain three elements. Two of the three - jurisdictional allegations and a demand for the relief sought - arguably are present in Glover's Complaint. But Rule 8 also requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8's pleading standard "does not require

10 - FINDINGS AND RECOMMENDATIONS

'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 120 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). Glover does not even state that the defendants unlawfully harmed her, let alone how the defendants' actions would entitle her to relief. She sets forth **no facts** to indicate why she is entitled to relief, as required by Rule 8(a)(2). "[W]hen the allegations in a complaint . . . could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (internal quotation marks, citations omitted).

Chief Judge Aiken of this court recently set forth the standard for the court's consideration of a motion to dismiss in *Gambee v. Cornelius*, No. 10-CV-6265-AA, slip op., 2011 WL 1311782 (D. Or. Apr. 1, 2011) (Aiken, C.J.). Judge Aiken observed:

> "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563[, 127 S. Ct. 1955, 1969, 167

11 - FINDINGS AND RECOMMENDATIONS

> L. Ed. 2d 929] (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels-Hall*, 629 F.3d at 998.

*Id.* at *2.

Glover's Complaint wholly fails to set forth factual content that plausibly suggests any claim entitling her to relief. I therefore recommend her Complaint be dismissed for failure to comply with Rule 8(a)(2). For the reasons discussed below, I further recommend that the dismissal be with prejudice.

### *C. Claim Preclusion*

All of the defendants argue they should be dismissed from this case under the doctrine of claim preclusion, and "claim preclusion by privity." *See* Dkt. #12, ¶¶ 23-30; Dkt. #31, pp. 14. "[T]he doctrine of claim preclusion, or *res judicata*, . . . bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, ___ U.S. ___, 131 S. Ct. 1723, 1730, 179 l. Ed. 2d 723 (2011) (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 597, 68 S. Ct. 715, 719, 92 L. Ed. 898 (1948)). The doctrine further bars claims that a party either raised, or could have raised, in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

The doctrine applies when three criteria are met: (1) the claims are the same; (2) a final judgment was entered on the merits; and (3) the parties are either the same or are in privity with one another. *Id.*

12 - FINDINGS AND RECOMMENDATIONS

There is no question that the claims Glover attempts to raise here either were specifically raised in her prior state court action that resulted in a judgment against her, or "could have been raised" in either the prior state court actions or her bankruptcy cases. Accordingly, Glover's claims are barred under the doctrine of claim preclusion.

To the extent Wachovia, NWTS, and Wells Fargo were not parties to one or more of Glover's prior actions, they are in privity with the defendants and creditors in those actions as successors in interest under the mortgage loan and Deed of Trust. Wachovia and Wells Fargo, as subsequent assignees of the debt, and NWTS, as successor trustee under the Deed of Trust, stand in the shoes of the original lender and trustee. *See State ex rel. Adult & Fam. Servs. Div. v. Lester*, 45 Or. App. 389, 392, 608 P.2d 588, 590 (1980) ("An assignee stands in the shoes of his assignor"). Wachovia, NWTS, and Wells Fargo therefore are entitled to dismissal under the doctrine of claim preclusion by privity. "[C]laim preclusion applies to parties in 'privity' with parties to the earlier action." *Lettenmaier v. Fed. Home Loan Mortg. Corp.*, slip op., 2011 WL 1938166 (D. Or. May 20, 2011) (citing *Bloomfield v. Weakland*, 339 Or. 504, 510-11, 123 P.2d 275, 279 (2005)). Being in "privity" with another simply means "the relationship between the one who is a party on the record and another is close enough to include the other within the *res judicata*." *Id.* (internal quotation marks, citations omitted).

I therefore recommend that Wachovia, NWTS, and Wells Fargo be dismissed under the doctrine of claim preclusion, or, as applicable, claim preclusion by privity.

13 - FINDINGS AND RECOMMENDATIONS

### D. *Justiciable Controversy and Mootness*

The defendants argue that based on judgments entered in Glover's prior state court action, her claims in the present action are moot, and no justiciable controversy exists. Dkt. #12, ¶¶ 36 & 37; Dkt. #31, pp. 15-16. They further argue Glover's declaratory relief claim is moot. Dkt. #12, ¶ 38; Dkt. #31, pp. 18-19. The defendants note that Oregon courts have denied standing under ORS § 28.020, Oregon's declaratory judgment statute, when the effect of such a judgment would be "either too speculative or entirely missing." *Id.* (citing *Thunderbird Mobile Club, LLC v. City of Wilsonville*, 234 Or. App. 457, 228 P.3d 650 (2010), in turn citing *Vannatta v. Oregon Gov't Ethics Comm.*, 347 Or. 449, 470, 222 P.3d 1077, 1088 (2009)). In *Thunderbird Mobile Club, LLC v. City of Wilsonville*, 234 Or. App. 457, 228 P.3d 650 (2010), the Oregon Court of Appeals held that to be justiciable, "the controversy . . . must involve 'a dispute based on present facts rather than on contingent or hypothetical events.'" *Id.*, 234 Or. App. at 466, 228 P.3d at 655.

Given the most generous reading possible, Glover has posed only moot, hypothetical questions in her Complaint. She questions who "may and may not qualify as the real parties in interest to the Note and Deed of Trust," and appears (though not clearly) to question whether NWTS had the right to pursue foreclosure proceedings. These matters have been adjudicated by a court of competent jurisdiction. The foreclosure process is complete, the Property has been sold, and Glover has been ordered to vacate the property. There is no justiciable controversy that remains here, and Glover's Complaint should be dismissed.

14 - FINDINGS AND RECOMMENDATIONS

### E. Dismissal of Routh Crabtree Olsen, P.C.

Routh argues it should be dismissed with prejudice. Dkt. #12, ¶¶ 31-36. Routh asserts, correctly, that Glover has failed to state any facts at all about Routh in her Complaint, or to make any allegations of wrongdoing against Routh. Routh's only interaction with Glover was the firm's representation of NWTS in Glover's second state court action.

Even if Glover had stated facts sufficient to assert a claim against Routh for wrongful prosecution of a civil proceeding, the fact that Routh's client prevailed in the civil action in question would render such a claim moot. Allowing such a claim to proceed would have a chilling effect on the entire judicial process, "'render[ing] attorneys fearful of being held liable as insurers of the merits of their client's case, and therefore unwilling to undertake representation in close or difficult matters.'" *Bob Godfrey Pontiac, Inc. v. Roloff*, 291 Or. 318, 332 n.9, 630 P.2d 840, 848 n.9 (1981) (quoting *Lyddon v. Shaw*, 372 N.E. 2d 685, 690 (Ill. Ct. App. 1978)).

Glover has failed to state a claim against Routh for which relief could be granted, and Routh should be dismissed from the case with prejudice.

### F. Further Amendments

Wachovia and Wells Fargo further argue that Glover should not be allowed the opportunity to amend her Complaint to attempt to cure any of the errors discussed above because any amendments would be futile. Dkt. #31, p. 19. Although the Federal Rules of Civil Procedure direct the court to allow amendments to pleadings "freely

15 - FINDINGS AND RECOMMENDATIONS

. . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (citing *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). "'When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment.'" *Id.* (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)).

I agree that any possible amendment to Glover's pleading would be futile. I therefore recommend she not be granted leave to replead, and this case be dismissed with prejudice.

### ***GLOVER'S MOTIONS***

Glover moves to strike all of the defendants' motions and supporting exhibits "by Rule 12(f)'s 'insufficient defense . . . immaterial, impertinent, or scandalous matter' standards." Dkt. #37, p. 1. She similarly asks the court to strike "all mentions of 'claim preclusion' as insufficient, impertinent and/or scandalous." *Id.*, pp. 1-2.

Glover focuses her arguments that claim preclusion is not applicable in this case on the status of Wells Fargo. She argues her claims against Wells Fargo could not have been included in any prior case because "Wachovia became a part of Wells Fargo on 'May 1, 2010[,]' . . . [and Glover's] last litigation was completed in the trial court in August 2009, and the rest was appeal." *Id.*, p. 3 (citation omitted); *see id.*, p. 4. Glover misunderstands the law applicable to the assignment of indebtedness and security instruments. When the mortgage was transferred to Wells Fargo,

16 - FINDINGS AND RECOMMENDATIONS

Wells Fargo then stood in the shoes of the original lender. *See Lester*, 45 Or. App. at 392, 608 P.2d at 590. Glover's claims could have been brought in her bankruptcy cases and/or her state court actions against previous holders of the note and trustees under the Deed of Trust. She therefore is precluded from bringing those claims in this action.

Glover argues her claims are not moot because it is only the defendants' attorneys who are "relitigating past battles here." Dkt. #39, p. 4. She further asserts the defendants' arguments that there is no justiciable controversy present in this case should be disregarded because the defendants all have "made the same mistake of basing their entire arguments on Oregon law, not 28 U.S.C.A. Chapter 151." *Id.* She argues that because her claims are brought under the federal Declaratory Judgment Act, "any state authorities should be considered irrelevant." *Id.*, p. 5. I reject these arguments as nonsensical, and unsupported by any applicable law.

Glover seeks a declaratory judgment on matters governed <u>solely</u> by state law. The Declaratory Judgment Act does not create a substantive right to relief; rather, the statute "provides the court with a discretionary procedural remedy." *Swedlow, Inc. v. Rohm & Haas Co.*, 455 F.2d 884, 885 (9th Cir. 1972). As the Ninth Circuit explained half a century ago:

> It is not the purpose of the Declaratory Judgment Act to allow disputes arising in the course of state court litigation to be argued in the federal courts instead. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.

17 - FINDINGS AND RECOMMENDATIONS

*Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961) (internal quotation marks, citations omitted). The present action is one properly cognizable by the courts of Oregon; indeed, the claims brought by Glover here already have been adjudicated by the Oregon courts.

In conjunction with her Motion to Strike, Glover also seeks an order for the defendants "to make a more definite statement in their motions," asserting the motions are "'so vague or ambiguous that the party cannot reasonably prepare a response.'" Dkt. #38, p. 1 (quoting Fed. R. Civ. P. 12(e)). She again argues she is seeking only declaratory relief, and the "Defendants' motions and notices must fail based on the rather plain terms of [the Declaratory Judgment Act]." *Id.*, p. 2.

Once again, Glover misapprehends the purpose and requirements of the Declaratory Judgment Act. She has failed to bring to the court an actual case or controversy. Her previous litigation in state court and federal Bankruptcy Court also indicates she is simply forum shopping in an attempt to circumvent the defendants' (and their predecessors') valid, legal attempts to enforce their rights under loan documents Glover voluntarily signed, and under which she defaulted more than ten years ago.

Glover's motions are as frivolous as her Complaint, and both her Motion to Strike and her Motion for a More Definite Statement should be denied.

### CONCLUSION

In conclusion, I find Glover's Complaint fails to comply with Federal Rule of civil Procedure 8, fails to state a claim for which

18 - FINDINGS AND RECOMMENDATIONS

relief can be granted, is precluded by the doctrine of claim preclusion, fails to present a justiciable controversy, and is frivolous and a waste of the court's time. I recommend her Complaint be dismissed with prejudice, and her motions be denied.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **August 5, 2011**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **August 22, 2011**. By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 18th day of July, 2011.

    /s/ Dennis James Hubel
Dennis James Hubel
Unites States Magistrate Judge
19 - FINDINGS AND RECOMMENDATIONS