John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
621 SW Alder St., Ste. 800
Portland, OR  97205
Phone: (503) 517-7180
Fax: (425) 457-7369
     Attorney for Defendants Wachovia and Wells Fargo

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

B. CAROL GLOVER,

|  |  |  |
|---|---|---|
| | Plaintiff, | No. 3:11-CV-00210-HU |
| v. | | |
| WACHOVIA EQUITY SERVICING LLC; NORTHWEST TRUSTEE SERVICES, INC.; WELLS FARGO HOME MORTGAGE; and ROUTH CRABTEE OLSEN, P.C., | | DEFENDANTS WACHOVIA EQUITY SERVICING LLC'S and WELLS FARGO HOME MORTGAGE'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION |
| | Defendants. | |

Defendants Wachovia Equity Servicing LLC ("Wachovia") and Wells Fargo

Home Mortgage ("Wells Fargo") respond to Plaintiff's Objection to Magistrate Judge

Dennis James Hubel's Findings and Recommendations (Plaintiff's "Objections") as

follows:

RESPONSE TO PLAINTIFF'S OBJECTIONS
TO FINDINGS AND RECOMMENDATIONS

I.    BACKGROUND:

The Magistrate's Findings and Recommendations (F&R) pages two through

Page 1 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
         RECOMMENDATION

seven detail the long factual and procedural background of this case.  In summary, the present action was filed February 18, 2011 seeking declaratory judgment and injunctive relief against Defendants to quiet title in favor of Plaintiff and to prevent eviction from the property.  Plaintiff's complaint stems from foreclosure which occurred in 2009, following default of loan obligations in 1998 and non-payment since 1999.  Plaintiff's claims, as detailed in the Findings and Recommendations, were previously litigated before the Oregon State courts and decided in favor of Defendants.  (*See* F&R, pp.3–7).  Plaintiff's contends that she has another cause of action under the Declaratory Judgment Act, and that she was unable to previously litigate against the named Defendants as they are successors to the previous Defendants, having acquired the previous Defendant's interests.  All parties submitted motions to the court, including Motions to Dismiss by Defendants and a Motion by Plaintiff to strike Defendant's motions, as well as a Motion to Make a More Definite Statement.  Magistrate Judge Hubel issued his Findings and Recommendations on July 18, 2011, finding that Plaintiff's Complaint should be dismissed with prejudice, and her Motion for a More Definite Statement and Motion to Strike should be denied.  Plaintiff timely filed objections on August 5, 2011.

## II.    LEGAL STANDARD

The standard of review for a Magistrate's Findings and Recommendations has been held to be as follows:

> When any party objects to any portion of the Magistrate
> Judge's Findings and Recommendation, the district court
> must make a *de novo* determination of that portion of the
> Magistrate Judge's report. 28 U.S.C. § 636(b)(1).  *See also*
> *United States v. Bernhardt*, 840 F.2d 1441,1444 (9th Cir.
> 1988); *McDonnell Douglas Corp. v. Commodore Business*
> *Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert.*

Page 2 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
      RECOMMENDATION

*denied*, 455 U.S. 920, 102 S.Ct. 1277 (1982).

*Northwest Pipe Co. v. RLI Ins. Co.*, 734 F. Supp. 2d 1122, 1125 (D.Or. 2010).  Plaintiff,

acting *pro se*, is not precise as to her objections, but Defendants Wells Fargo and

Wachovia understand Plaintiff's objection to request *de novo* review of the Magistrate

Judge's (A) Grant of Defendant's Motion to Dismiss for failure to state a claim, (B)

Denial of Plaintiff's Motion to Strike and (C) Denial of Defendant's Motion to Make a

More Definitive Statement.

### III.    ARGUMENT

The Magistrate Judge found that Plaintiff had failed to comply with Rule 8(a)(2)

of the Federal Rules of Civil Procedure and due to claim preclusion and judicial mootness

the complaint should be dismissed with prejudice.  (F&R, p.12).  The Magistrate Judge's

findings are well supported by the record and should be adopted, as the Plaintiff's

objections are without merit.

The Magistrate Judge noted in his findings Rule 8's requirement that Plaintiff

state "a short and plain statement of the claim showing that the pleader is entitled to

relief . . . ." Fed. R. Civ. P. 8(a)(2).  The Magistrate Judge found that Plaintiff's claim

fails to provide such a "short and plain statement" with any facts to adduce entitlement to

relief.  (F&R, p.11, "She sets forth *no* facts to indicate why she is entitled to relief, as

required by Rule 8(a)(2)").  Plaintiff's objection does not dispute the factual content of

her pleading but instead responds: "the Rule 8's [*sic*] notice pleading standard relies on

liberal discovery rules and summary judgment motions to define disputed facts . . . ."

(Objections p.2).  The Magistrate Judge helpfully points to Chief Judge Aiken's

statement of the standard for granting or denying a motion to dismiss, which includes

from *Bell Atlantic v.* Twombly a threshold inquiry.  (F&R, p.11) "'[O]nce a claim has

Page 3 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
          RECOMMENDATION

been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the compliant.'" (*Gambee v. Cornelius*, No. 10-CV-6265-AA, slip. op., 2011 WL 1311782 (D. Or. Apr. 1, 2011) (quoting *Bell AtlanticCorp. v. Twombly*, 550 U.S. 544, 563 (2007))).  But to reach that threshold a statement must contain "'non-conclusory factual content, and reasonable inferences from that content, . . . [to] plausibly suggest[] . . .a claim entitling the plaintiff to relief.'" (*Gambee v. Cornelius*, No. 10-CV-6265-AA, slip. op., 2011 WL 1311782 (D. Or. Apr. 1, 2011) (quoting *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009))).  Having provided no facts sufficient to support the claim for relief, Plaintiff's interpretation of the notice pleading standard is irrelevant to her claim's sufficiency to survive Motion to Dismiss.

The availability of a declaratory judgment is limited to actual cases and controversies.  "A declaratory judgment . . . is no different from any other judgment.  It will constitute relief . . .[only if] it affects the behavior of the defendant towards the plaintiff."  *Rhodes v. Stewart*, 488 U.S. 1 (1988).  The Magistrate Judge found that no justiciable controversy exists as Plaintiff's claims are precluded, having previously "been adjudicated by a court of competent jurisdiction." F&R, p.14.  As Defendants' briefed in support of the Motion to Dismiss, this Court has discretion in determining whether entertain a Declaratory Judgment action even were there a case or controversy.  (*See* Wachovia's Reply in Support of Motion to Dismiss, pp.3–4).  The Magistrate Judge properly found it would be improper to apply the Declaratory Judgment Act to Plaintiff's claims.

As the Magistrate Judge helpfully pointed out, the issue of mootness and the absence of a case or controversy had previously been addressed in a state court action.

(F&R, p.14).  Plaintiff claims a right to use the Federal Declaratory Judgment Act

irrespective of the Oregon courts' prior denial of standing to use the Oregon declaratory

judgment statute.  *See* Objections, p.2–3.  *See also* F&R, p.14.  But Plaintiff mistakes the

Magistrate Judge's finding as holding that the Oregon declaratory judgment is invoked.

The Magistrate Judge properly found that, in the absence of a justiciable controversy, the

Federal Declaratory Judgment Act does not grant a cause of action to Plaintiff.

Tellingly, Plaintiff does not contest her payment default nor claim that she can

cure it.  In *Hogan v. NW Trust Services*, 2010 WL 1872945, *5 (D. Or. 2010), Judge

Hogan rejected a Plaintiff's claim for declaratory relief where the claim amounted to

nothing more than a collateral attack on Oregon foreclosure law. The court reasoned:

> Plaintiffs have not complained that they were not properly served with the
> Notice on the subject property. Nor do plaintiffs deny that they are in
> default on their loans or offer anything to indicate that they were able to
> tender the debt in order to disrupt the non-judicial foreclosure.  *Id.*

Here, as in *Hogan*, Plaintiff's claim is deficient. Plaintiff does not dispute that she

is in default, and has failed to plead that she can cure her default. Nor has she pleaded any

basis for granting declaratory relief, as she has failed to allege a basis for a viable claim

or controversy.  Plaintiff has failed to plead ultimate facts indicating that there is any

present controversy.  Nor can Plaintiff allege that the completed foreclosure of the

property will subject her to further liability. *See* ORS 86.770 (2)(a) (prohibiting

deficiency action on the debt secured by the trust deed foreclosed non-judicially at the

trustee's sale of the property).  Moreover, as the court found in *Stewart v. MERS,* 2010 WL

1055131, 12 (D. Or. 2010), the Oregon Trust Deed Act "does not require presentment of a

promissory note or any other proof of 'real part in interest' or 'standing,' other than the

Deed of Trust." In these respects, as in others, Plaintiff simply fails to state ultimate facts

Page 5 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
         RECOMMENDATION

that would support a claim of relief.

Most significantly, Plaintiff's claims have been fully litigated and Plaintiff is barred by *res judicata* from re-litigating them. The Magistrate Judge found that the three criteria of the doctrine of claim preclusion were satisfied, where the current action (1) brings the same claims, or claims that could have been brought in prior action, (2) a final judgment was entered on the merits in that prior action, and (3) the parties are the same or in privity with one another. *See* F&R, p.12. Where Defendants are successors to the earlier parties in interest, the Magistrate Judge found that they stand in the shoes of the original party. Plaintiff states no facts that question the relationship of the parties, Wachovia, Wells Fargo and Northwest Trustee Services, to the original interest-holders or their successors who were parties in the previous court actions. Plaintiff appears to question the contractual rights of the Defendants but not the identities of the Defendants. Plaintiff's Objection notes, correctly, that the matter in this case should be "based entirely on substantive Oregon state law . . . ." Objections, p.3. As such, Plaintiff's attempt to bring the same claims before this Court is nothing more than forum shopping, particularly given that she has contested the post-foreclosure eviction and lost in state court, and she appealed that in state court and lost again—in other words, she has already availed herself of the process afforded by the state court in connection with her challenges to the prior foreclosure and eviction.

## IV.    CONCLUSION

The Magistrate Judge correctly ruled that Plaintiff's action should be dismissed for failure to satisfy FRCP Rule 8(a)(2). The substantive claims are further barred by claim preclusion and claim preclusion by privity and the Plaintiff's complaint should be

Page 6 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
         RECOMMENDATION

dismissed with prejudice.  This Court should adopt the Magistrate Judge's Findings and

Recommendations as its own opinion.

DATED this 19th day of August, 2011.

**ROUTH CRABTREE OLSEN, P.C.**

By    /s/ John M. Thomas

John M. Thomas, OSB #024691
Attorneys for Defendants Wachovia
and Wells Fargo
621 SW Alder St., Ste. 800
Portland, OR  97205-3623
Phone: (503) 517-7180
Fax: (425) 457-7369

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing Defendants Wachovia Equity

Servicing LLC's and Wells Fargo Home Mortgage's RESPONSE TO PLAINTIFF'S

OBJECTIONS TO FINDINGS AND RECOMMENDATION to the parties listed below

on this 19th day of August, 2011.

**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
        Plaintiff pro se

**VIA ECF**
Teresa M. Shill
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
        Attorney for Northwest Trustee Services, Inc.
        and Routh Crabtree Olsen, P.C.


Dated: August 19, 2011.

                                        **ROUTH CRABTREE OLSEN, P.C.**

                                        By   /s/ John M. Thomas
                                             John M. Thomas, OSB #024691
                                             Attorneys for Defendants Wachovia and
                                             Wells Fargo
                                             621 SW Alder St., Ste. 800
                                             Portland, OR  97205-3623
                                             Phone: (503) 517-7180
                                             Fax: (425) 457-7369

Page 8 – RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND
        RECOMMENDATION