Teresa M. Shill, OSB #031680
E-Mail: tshill@rcolegal.com
Routh Crabtree Olsen, P.C.
621 SW Alder St., Ste. 800
Portland, OR  97205
Phone: (503) 977-7926
Fax: (503) 977-7963
    Attorney for Defendants Northwest Trustee Services, Inc.; and
    Routh Crabtree Olsen, P.C.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| B. CAROL GLOVER, | | |
| | Plaintiff, | No. 3:11-cv-00210-HU |
| v. | | |
| WACHOVIA EQUITY SERVICING LLC; NORTHWEST TRUSTEE SERVICES, INC.; WELLS FARGO HOME MORTGAGE; and ROUTH CRABTEE OLSEN, P.C., | | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY GENERAL INTERVENTION |
| | Defendants. | |

Defendants Northwest Trustee Services, Inc. ("NWTS") and Routh Crabtree Olsen, P.C. ("RCO") respond to, and hereby joins Wachovia Equity Servicing LLC and Wells Fargo Home Mortgage Response to Plaintiff's Motion for Attorney General Intervention (*hereinafter* "Plaintiff's Motion") as follows:

//

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A.G.
      INTERVENTION

RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY GENERAL INTERVENTION

I.  ARGUMENT

28 U.S.C. §2403(b) provides a right of intervention by the attorney general of the State in a matter before Federal Court in which the constitutionality of a state statute is at issue. (28 U.S.C. §2403(b). Plaintiff seeks to invoke this provision by Motion to this Court to request the Attorney General's intervention. Plaintiff's Motion should be denied for three reasons: (1) this motion is not timely, as Magistrate Judge's findings do not challenge or address the constitutionality of Oregon statutes; (2) Plaintiff's claims are personal and not affecting the public interest; and (3) Plaintiff's case is encumbered by a lengthy procedural history and is ill-suited to address the constitutionality of Oregon mortgage trustee statutes.

Plaintiff's motion to this Court for intervention of the Oregon Attorney General should not be granted. A federal Magistrate Judge has issued Findings and Recommendations to dismiss Plaintiff's suit, to which Plaintiff has objected. (*See* Findings and Recommendations on Pretrial Motions of Magistrate Judge Dennis James Hubel (*hereinafter* Findings and Recommendations). If accepted by this Court, those findings and recommendations would render this Motion moot and no issue of the constitutionality of Oregon statutes would arise. The Plaintiff does reference due process rights in her Objection (*See* Plaintiff's Objections to "Findings and Recommendations on Pretrial Motions" (*hereinafter* Plaintiff's Objections), p.2) but neither the Plaintiff's Complaint nor the Objections formulate a challenge to any Oregon statute. (*See* Complaint for Declaratory Judgment and Injunctive Relief (*hereinafter* Complaint); *see*

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A.G.
           INTERVENTION

*also* Plaintiff's Objections).  Additionally, Plaintiff does not specify a state actor who has acted to deny Plaintiff her 14th Amendment due process rights.  It is unnecessary to petition the Attorney General of Oregon until and unless a constitutional challenge arises, and Oregon courts have uniformly held that the "fourteenth amendment in no way undertakes to control the power of a state to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purpose gives reasonable notice and affords fair opportunity to be heard before the issues are decided."  *Mallatt v. Luihn*, 206 Or. 678, 696; 294 P.2d 871, 880 (1956).

Plaintiff, acting *pro se*, invokes the Attorney General's appearance on her own behalf and on behalf of "all others similarly situated." (Plaintiff's Motion,  P. 1).  Section 2403(b) provides a right of the State Attorney General to intervene, and requires that the Court certify issues of constitutionality to the attorney general.  28 U.S.C. §2403(b). Because the Attorney General's intervention is for the purpose of determining constitutionality, the intervention is limited to those "statutes of that State affecting the public interest . . . ." *Id.*  Plaintiff's interest appears personal and Plaintiff's Motion does not indicate how any as applied challenge to Oregon statute (assuming that such challenge is found within Plaintiff's Complaint) affects the public interest. Plaintiff's Complaint repeatedly refers to her personal rights and interests as the substance of what she is seeking from this Court.  For example, she sought "my rights and status . . ." to be declared and "a judgment . . . quieting the title to my property[,]" along with injunction to "bar Defendants from proceeding against my home . . . ." (*See* Complaint, p.2–3). Plaintiff's complaint describes a purely private matter between contractual parties and the Motion should be denied in the absence of a clear public interest.

Page 3 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A.G.
           INTERVENTION

Finally, this Plaintiff is poorly situated to be representative of "all others similarly situated." As identified in the Magistrate Judge's findings, Plaintiff has repeatedly initiated bankruptcy and has litigated matters relating to her home loan on several previous occasions. This procedural history is challenging to navigate and any future litigation is barred by *res judicata*. This is not a matter suited for intervention by the Oregon Attorney General. Plaintiff has brought her grievances regarding this Property and its foreclosure for her failure to pay the monthly loan payments since January 1999, many, many times now. Her due process rights have not been violated where she has done her utmost to litigate, and re-litigate these matters in Oregon courts.

## II.   CONCLUSION

This Court should deny Plaintiff's Motion for Attorney General Intervention.

DATED this 22nd day of August 2011.

**ROUTH CRABTREE OLSEN, P.C.**

By   /s/ Teresa M. Shill
Teresa M. Shill, OSB # 031680
Attorneys for Defendants Northwest
Trustee Services, Inc., and Routh
Crabtree Olsen, P.C.
621 SW Alder St., Ste. 800
Portland, OR  97205-3623
Phone: (503) 977-7926
Fax: (503) 9777-7963

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY GENERAL INTERVENTION to the parties listed below on this 22nd Day of August, 2011.

**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
    Plaintiff pro se

**VIA ECF**
John Thomas
Routh Crabtree Olsen, P.C.
621 SW Alder St., Ste. 800
Portland, Oregon 97205
    Attorney for Wachovia Equity Servicing LLC and Wells Fargo Home Mortgage

Dated: August 22, 2011.

                        **ROUTH CRABTREE OLSEN, P.C.**

                        By   /s/ Teresa M. Shill
                              Teresa M. Shill, OSB #031680
                              Attorneys for Defendants Northwest Trustee Services, Inc. and Routh Crabtree Olsen, P.C.
                              621 SW Alder St., Ste. 800
                              Portland, OR 97205-3623
                              Phone: (503) 977-7926
                              Fax: (503) 977-7963