John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
621 SW Alder St., Ste. 800
Portland, OR  97205
Phone: (503) 517-7180
Fax: (425) 457-7369
    Attorney for Defendants Wachovia and Wells Fargo

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| B. CAROL GLOVER,<br><br>                        Plaintiff,<br><br>v.<br><br>WACHOVIA EQUITY SERVICING LLC;<br>NORTHWEST TRUSTEE SERVICES, INC.;<br>WELLS FARGO HOME MORTGAGE; and<br>ROUTH CRABTEE OLSEN, P.C.,<br><br>                        Defendants. | No. 11-CV-00210-HU<br><br>DEFENDANTS WACHOVIA EQUITY SERVICING LLC'S and WELLS FARGO HOME MORTGAGE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FRCP 60 |

       Defendants Wachovia Equity Servicing LLC ("Wachovia") and Wells Fargo Home Mortgage ("Wells Fargo") respond to Plaintiff's Motion for Relief from Judgment (*hereinafter* "Plaintiff's Motion") as follows:

Page 1 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF

RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF

**I.     ARGUMENT**

Fed. R. Civ. P. 60 provides that a party may be relieved from a judgment as a result of a clerical mistake (FRCP 60(a)) or for one of the following reasons enumerated under FRCP 60(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.*

Plaintiff here makes the general assertion in her motion without substantiation that she qualifies for relief under all subsections (2) through (6), yet her reasons are simply a re-hash of her prior objections to Magistrate Judge Hubel's findings and recommendations (*see* dkt. #48 and #51), which Judge Hernandez later adopted after reviewing Plaintiff's objections (*see* dkt. #60).  Hence, Plaintiff offers nothing new in her motion for the court to consider that it hasn't already considered in rendering its judgment; indeed, if Plaintiff disagreed with the judgment, her remedy, if any, would have been to appeal timely the judgment, but it does not appear that she has filed any notice of appeal.  *See, e.g.*, FRAP 4(a)(1)(A).

Page 2 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF

Even Plaintiff's purported "new evidence" attached to her motion regarding Wells Fargo's involvement in her loan has already been considered by this Court in its Findings and Recommendations at pp. 16-17, where this Court discussed the application of claim preclusion to Defendant Wells Fargo Bank (dkt. #48).  (Plaintiff previously raised concerns regarding such correspondence from Wells Fargo and made that part of this court's record when she filed her "Memorandum Supporting of Motions to Strike and Make Definite"  at pp. 3-4 (dkt. #39), which the Court took judicial notice of when it considered that as part of the Court's Findings and Recommendation).  Hence, Plaintiff's Motion for Relief offers nothing new within the context of FRCP 60.

Moreover, there is no evidence of "fraud" in the record or set forth in Plaintiff's motion; in sum, Plaintiff simply disagrees with the court's legal reasoning, which is not a basis to vacate the judgment beyond of any viable appeal avenues that Plaintiff may have or have had.  *See generally* Federal Relief from Civil Judgments, 55 YLJ 623 (1946) (discussing at length the proper bases for relief from federal civil judgments).

## II.   CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's Motion for Relief under FRCP 60.

DATED this 6th day of October, 2011.

**ROUTH CRABTREE OLSEN, P.C.**

By   /s/ John M. Thomas
John M. Thomas, OSB #024691
Attorneys for Defendants Wachovia
and Wells Fargo
621 SW Alder St., Ste. 800
Portland, OR  97205-3623
Phone: (503) 517-7180
Fax: (425) 457-7369

Page 3 – DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF

## CERTIFICATION OF SERVICE

I hereby certify that I served the foregoing Defendants Wachovia Equity Servicing LLC's and Wells Fargo Home Mortgage's Response in Opposition to Plaintiff's Motion for Relief from Judgment (FRCP 60) to the parties listed below on this 6th day of October, 2011.

**VIA FIRST CLASS MAIL**
B. Carol Glover
26736 NW Williams Canyon Road
Gaston, OR 97119
    Plaintiff pro se

**VIA ECF**
Teresa M. Shill
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
    Attorney for Northwest Trustee Services, Inc.
    and Routh Crabtree Olsen, P.C.

Dated: October 6, 2011.

                  **ROUTH CRABTREE OLSEN, P.C.**

By   /s/ John M. Thomas
    John M. Thomas, OSB #024691
    Attorneys for Defendants Wachovia and
    Wells Fargo
    621 SW Alder St., Ste. 800
    Portland, OR 97205-3623
    Phone: (503) 517-7180
    Fax: (425) 457-7369