IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

B. CAROL GLOVER,

        Plaintiff,                           No. CV-11-210-HU

    v.

WACHOVIA EQUITY SERVICING, LLC,
NORTHWEST TRUSTEE SERVICES, INC.,       ORDER
WELLS FARGO HOME MORTGAGE,
and ROUTH CRABTREE OLSEN, P.C.,

        Defendants..

HERNANDEZ, District Judge:

      In an August 26, 2011 Order (#60), I adopted Magistrate Judge Hubel's July 18, 2011 Findings and Recommendation (#48) in this foreclosure-related case. As a result, all of the parties' requests to take judicial notice were granted, defendants' motions to dismiss were granted, and plaintiff's motions to strike and for a more definite statement were denied. A

1 - ORDER

Judgment (#61) dismissing the case with prejudice was issued the same day.

Plaintiff presently moves for relief from the Judgment pursuant to Federal Rule of Civil Procedure 60. I deny the motion.

Rule 60(a) provides for relief from a judgment as a result of a clerical mistake, while under Rule 60(b), a party may obtain relief from judgment for one of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff cites Rule 60(b)(2) - (6) as the bases for her motion. However, the only arguments she offers in support of her motion are to (1) re-raise the objections she previously made to Judge Hubel's Findings & Recommendation; (2) submit a September 12, 2011 letter to plaintiff from Wells Fargo in support of her argument that newly discovered evidence requires that the Judgment be set aside; and (3) a general argument that this Court is prejudiced against her and abrogated its mandate to provide plaintiff with a full and fair proceeding.

Other than the September 12, 2011 letter, plaintiff offers no evidence of any kind to support a relief from judgment under Rule 60(b)(3) - (6). There is no legal or evidentiary basis

2 - ORDER

for granting her motion under any of the grounds articulated in those subsections of Rule 60(b).

The September 12, 2011 letter clearly post-dates the Order adopting the Findings & Recommendation and the Judgment. But, it nonetheless does not justify granting plaintiff's motion.

In the letter, Wells Fargo Home Mortgage acknowledges notification from plaintiff of damage to her property. It explains that because Wells Fargo Home Mortgage is the mortgage servicer on the property, it is the named mortgagee on the insurance proceeds check. If further explains how those proceeds will be disbursed to plaintiff to cover the costs of the repairs. It refers to "following pages," which are not included with plaintiff's motion, which provide instructions and forms that need signing and are to be returned to Wells Fargo Home Mortgage.

Plaintiff fails to explain how this letter "vindicates [her] on every aspect of this case[.]" Pltf's Mtn at . 2. Her claim in this litigation was for a declaratory judgment and injunctive relief to overturn defendants' foreclosure of her home. A letter from the mortgage servicer explaining how insurance proceeds are to be distributed is not relevant to that claim. And, as carefully explained by Judge Hubel in the Findings & Recommendation, plaintiff's claims are preluded under the doctrine of claim preclusion. Findings & Rec. at pp. 12-13. Judge Hubel specifically noted that the claims against Wells Fargo were precluded because Wells Fargo was in privity with the defendants in plaintiff's extensive prior litigation. Id. at p. 13. Judge Hubel re-addressed the issue in the context of discussing plaintiff's motion to strike "all mentions" of claim preclusion. Id. at pp. 16-17. The September 12, 2011 letter does not alter Judge Hubel's analysis in any way. It provides no reason for relief from Judgment under Rule 60(b)(2)..

/ / /

3 - ORDER

CONCLUSION

Plaintiff's motion for relief from Judgment under Rule 60 [63] is denied.

IT IS SO ORDERED.

DATED this   31st   day of  October         , 2011.


 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

4 - ORDER